SILVER VALLEY MINING COMPANY, et al. v. NORTH CAROLINA SMELTING COMPANY.

*Corporations—Insolvency—Fraudulent Conveyance.*

1. Solvency or insolvency of a living person or a decedent's estate depends upon the question whether the value of the entire assets equals or is less than the total indebtedness.

2. A corporation is not insolvent, so as to render a mortgage of its property fraudulent, so long as it has property sufficient, if converted into money at market prices, to meet its liabilities.

CIVIL ACTION, brought by plaintiffs to recover judgment for money due, against the North Carolina Smelting Company, and to set aside and cancel a mortgage executed by said North Carolina Smelting Company to defendant F. T. Johnson, and also to cancel judgments confessed by said smelting company to the other defendants than Johnson, and tried before *Greene, J.,* and a jury, at Fall Term, 1896, of DAVIDSON Superior Court. The issues related principally to the solvency or insolvency of the defendant company at the dates of the mortgage and confessions of judgment. There was a verdict for the plaintiffs, and from the judgment thereon the defendant appealed. The exception upon which the decision of the appeal is based is set out in the opinion of Associate Justice AVERY.

*Messrs. M. H. Pinnix, Watson & Buxton,* and *Robbins & Long,* for plaintiffs.

*Messrs. Robbins & Raper,* for defendant (appellant).

AVERY, J. : Looking alone to the derivation of the words " solvent " and " insolvent," they mean respectively, able and unable to pay. Whether the adjective

119—27

insolvent is used to define the condition of a decedent's estate or the financial status of a living person, its signification is the same. · It means, unable to meet liabilities after converting all of the property or assets belonging to the person or estate into money, at market prices, and applying the proceeds, with the cash previously on hand, to the payment of them. This is substantially the definition given by the reputable lexicographers, as will appear by reference to Webster's, Worcester's or the Standard Dictionary ; and not only is the same meaning given to the term by common acceptation, as it is used in the ordi· nary transactions of life, but, applying the crucial test, we will find that in the discussion of almost every appeal involving an issue of fraud and depending in any way upon the ability of a debtor to pay his debts at the time of making a conveyance, the discussions in the opinions of this Court have been predicated upon the assumption that solvency or insolvency depends upon the question whether the entire assets equal or exceed in value the total indebtedness. Without specifying it would seem sufficient to refer to cases of this class everywhere, but the citation of a few of the later adjudications will suggest numberless others. *Bank* v. *Adrian,* 116 N. C., 537 ; *Peeler* v. *Peeler,* 109 N. C., 628 ; *Berry* v. *Hall,* 105 N. C., 154 ; *Helms* v. *Green,* Ibid., 251 ; *Brown* v. *Mitchell,* 102 N. C., 347 ; *Woodruff* v. *Bowles,* 104 N. C., 197. It would prove subversive of settled principles, and would tend to impair credit and embarrass trade, to give our sanction to a definition of an insolvent that would bring within the class of which it is descriptive every person, natural or artificial, who in the course of active business is unable to meet the demands of creditors without borrowing money.

The court below instructed the jury that "property is not a legal tender in payment of debt, and a debtor has

MINING COMPANY *v.* SMELTING COMPANY.

no right to pay a debt with property of any kind. Therefore the amount of defendant's corporate property (if you believe it consisted mostly of valuable mining machinery) was of little consequence. If defendant was unable to pay its matured debt in lawful money, and if it was unable to pay its debts from its own means, and had to obtain money from the personal endorsement of other parties with which to pay maturing obligations, then the defendant was, in contemplation of law, insolvent."

The instruction asked, and in lieu of which the foregoing was given, was as follows:

A corporation is not insolvent so *long as it has property sufficient to meet its liabilities,* and *there is no evidence sufficient to go to the jury that, at the time said mortgage was executed, said corporation did not have property sufficient to meet its liabilities,* and therefore the jury should find and answer the issues as to insolvency accordingly ; and there is no evidence sufficient to go to the jury that said mortgage was given in contemplation of insolvency, and the jury should so find.

It is needless to discuss other exceptions. For the error in substituting the instruction given for that prayed for the defendant is entitled to a new trial.

New Trial.