MRS. MARY FLOWERS, FOR HERSELF AND SUCH OTHER CREDITORS OF J. W.
PARKER AS COME IN AND MAKE THEMSELVES A PARTY TO THIS PROCEEDING,
v. AMERICAN AGRICULTURAL CHEMICAL COMPANY AND WYATT
E. BLAKE, TRUSTEE, AND J. W. PARKER.

(Filed 24 September, 1930.)

**Fraudulent Conveyances A d—Debtor whose assets exceed his indebtedness is not insolvent and his conveyance may not be set aside.**

A debtor is not insolvent within the intent and meaning of the statute
when his entire assets equal or exceed his entire indebtedness, and where
a solvent debtor conveys practically all of his property to secure a pre-
existing debt, having other creditors at the time, it does not create a
preference within the intent and meaning of C. S., 1611, nor is it in
effect an assignment for the benefit of creditors requiring a filing of an
inventory within the meaning of C. S., 1610, and judgment for defendants
in an action to set aside such conveyance is proper, and *held further*, there
was no sufficient evidence of intent to defraud creditors to warrant the
submission of an issue thereon.

APPEAL by plaintiffs from *Cowper, Special Judge,* and a jury, at
March Term, 1930, of WAYNE. No error.

This is an action brought by plaintiffs against defendants to set aside
a deed of trust. The issues submitted to the jury and their answers
thereto, were as follows:

"1. Did the defendant, J. W. Parker, on 4 June, 1927, execute a deed
of trust purporting to secure a preëxisting indebtedness to the American
Agricultural Chemical Company? Answer: Yes. (By admission.)

2. Was the defendant, J. W. Parker, insolvent on 4 June, 1927?
Answer: No.

3. Did the defendant, J. W. Parker, on said date owe other unse-
cured creditors not protected by said instrument? Answer: Yes.

4. Did said paper-writing or deed of trust contain and convey all or
practically all of J. W. Parker's property? Answer: Yes.

5. Did Wyatt E. Blake, trustee, file inventory as required by section
1610, C. S. of North Carolina? Answer: No. (By admission)."

*J. Faison Thomson for plaintiff.*
*Paul B. Edmundson and Hugh Dortch for defendants.*

CLARKSON, J. We can find in the record no sufficient evidence to be
submitted to the jury that the deed of trust was made with intent to
defraud the creditors of J. W. Parker, therefore the court below was
correct in refusing to submit the issue. J. W. Parker, who made the
deed of trust, a witness for plaintiffs, testified: "I did not execute this
deed of trust intending to perpetrate a fraud on my other creditors."

We can see no error in the judgment on the issues as found by the jury. *Wallace v. Phillips,* 195 N. C., 665; *Bank v. Mackorell,* 195 N. C., 741.

In *Cowan v. Dale,* 189 N. C., at p. 686, citing numerous authorities, it is said: "The chattel mortgage did not create a preference within the meaning of C. S., 1611; but the plaintiff asserts that in effect it was an assignment for the benefit of creditors and void because the trustees or mortgagees did not file an inventory as required by section 1610. It has been held that where one who is insolvent makes a mortgage of practically all his property to secure one or more preëxisting debts the instrument will be considered an assignment and the result will not be charged by the omission of a small part of his property; but to apply this doctrine it is necessary to show that the grantor was insolvent; that the secured debts were preëxisting, and that there were other creditors."

The court below charged the jury as follows: "And the court instructs you that the words 'solvent' and 'insolvent' respectively means 'able' or 'unable' to pay, and whether the word be used to define the condition of a deceased's estate or the financial status of a living person, its signification is the same; it means inability to meet liabilities after converting all of the property or assets belonging to a person into money at the market price and applying the proceeds with the cash which the party may have, if any, to the payment of debts. Solvency or insolvency depends upon whether the entire assets of a person equal the value of his total indebtedness. If the entire assets of a person equal or exceed his entire debts he is solvent. If his entire assets are less than his entire indebtedness, he is insolvent."

Plaintiff excepted and assigned error to the above charge. This cannot be sustained. This charge, in substance, is taken from *Mining Co. v. Smelting Co.,* 119 N. C., p. 418, citing numerous authorities, and we see no reason to disturb it. In fact, we repeat what was further said in that case: "It would prove subversive of settled principles, and would tend to impair credit and embarrass trade, to give our sanction to a definition of an insolvent that would bring within the class of which it is descriptive every person, natural or artificial, who in the course of active business is unable to meet the demands of creditors without borrowing money."

We do not think the other exceptions and assignments of error made by plaintiffs tenable. We see no prejudicial or reversible error. On the record we find

No error.