**Elsie Duprie PALMER, Appellant, v. S. E. CHAMBERLIN et al., Appellees.**

No. 13524.

United States Court of Appeals Fifth Circuit.

On Rehearing Oct. 1, 1951.

Rehearing Denied Oct. 25, 1951.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

On petition for rehearing. For former opinion see 191 F.2d 532.

J. Raburn Monroe, and Alden W. Muller, New Orleans, La., for appellant.

R. Walston Chubb, St. Louis, Mo., and Justin V. Wolff, New Orleans, La., for appellee.

PER CURIAM.

The petition for rehearing in the above styled and numbered cause is hereby denied.

HOLMES, Circuit Judge (dissenting).

The majority opinion, in resolving against appellant some issues of fact presented by the record, not only relied upon the self-serving affidavit of the President of the company after this controversy arose, but also upon the acts and conduct of the Directors, after the Board of Directors had "intimations that the said estate would not deliver said stock." Certainly what the directors did confessedly in preparation for the prosecution of this suit should not be allowed to determine the question as to whether or not the by-law is contrary to public policy. Among other issues, upon a plenary hearing, that should be submitted to a fact-finding tribunal is whether or not the directors have systematically administered the by-law with an evil eye and uneven hand. The appellant contends that this by-law and so-called contract are merely a cloak or device to permit the directors to use it, and that they have repeatedy used it, to further their own selfish ends at the expense of the other stockholders. I think appellant at least is entitled to a plenary hearing in this case.

**Steve TAYLOR and Jennie Taylor, Appellants, v. Tighe E. WOODS, Housing Expediter, Appellee.**

No. 11314.

United States Court of Appeals Sixth Circuit.

Oct. 10, 1951.

Orgill, Maschke, Wickham & Loux, Cleveland, Ohio, Cornelius Maloney and L. F. Loux, Cleveland, Ohio, of counsel, for appellants.

Paul Marshall, Cleveland, Ohio, Walter Rochow, Washington, D. C., for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel.

And it appearing that the District Court found appellant Steve Taylor guilty of contempt of court in failing to make restitution in accordance with the order of the District Court entered October 21, 1949;

And it appearing that the court found that appellant Steve Taylor is financially able to comply with the order of the court, but knowingly, willfully, and intentionally disobeyed the order of the District Court;

And it further appearing that the findings of the court are amply supported by the record, and no reversible error being shown:

The order of the District Court is hereby affirmed.