JONAS W. KESSING, Individually; ALICE H. KESSING; JONAS W. KESSING COMPANY; JONAS W. KESSING as General Partner of Village Associates of Chapel Hill Limited Partnership; JONAS W. KESSING as Limited Partner of Village Associates of Chapel Hill Limited Partnership v. NATIONAL MORTGAGE CORPORATION, Individually; NATIONAL MORTGAGE CORPORATION as Limited Partner of Village Associates of Chapel Hill Limited Partnership

No. 64

(Filed 12 May 1971)

1. **Banks and Banking § 13; Usury § 1— time loan was made — applicability of amended G.S. 24-8**

　　A loan was made on the date it was closed, 9 July 1969, and not on a prior date when the application for the loan was approved, the negotiations between the parties being, at most, an executory contract to make a loan; consequently, G.S. 24-8 as amended effective 2 July 1969 was applicable to the loan.

2. **Banks and Banking § 13— loan of money**

　　In order for a loan of money to be made, there must be a delivery of the money and an understanding to repay.

3. **Usury § 1— requisites of proof**

　　In an action for usury plaintiff must show (1) that there was a loan, (2) that there was an understanding that the money lent would be returned, (3) that for the loan a greater rate of interest than allowed by law was paid, and (4) that there was corrupt intent to take more than the legal rate for the use of the money.

4. **Usury § 1— corrupt intent**

　　The corrupt intent required to constitute usury is simply the intentional charging of more for money lent than the law allows.

5. **Usury § 1— showing of corrupt intent**

　　A corrupt intent to violate the usury law is shown where the purpose of the lender intentionally to charge the borrower a greater rate of interest than the law allows is clearly revealed on the face of the instrument.

6. **Usury § 1— undisputed facts — usury as a matter of law**

　　Where there is no dispute as to the facts, the court may declare a transaction usurious as a matter of law.

7. **Usury § 1— equity participation by lender in limited partnership with borrower**

　　Loan of $250,000 at 8% interest secured by a deed of trust on realty and in consideration of which the borrower was also required to enter a limited partnership with the lender and to convey to the partnership the properties securing the loan, *held* usurious under G.S. 24-8 either before or after its amendment effective 2 July 1969.

**8. Usury §§ 5, 6— penalty for usury**

The statutory penalty for charging usurious interest is the forfeiture of all interest on the loan; in the event usurious interest has actually been paid, the person or corporation paying such interest may recover twice the amount of interest paid. G.S. 24-2.

**9. Usury §§ 5, 6— usurious partnership agreement — partnership earnings not paid to lender — forfeiture of interest**

Where a loan transaction was rendered usurious by a limited partnership agreement which the borrower was required to enter into with the lender, but no earnings from the partnership had been paid to the lender and the only interest actually paid by the lender was the 8% provided for in the note, a legal rate, it was *held:* (1) the borrower is not entitled to recover double the amount of interest paid on the loan since no usurious interest has actually been paid, (2) the charging of usurious interest as provided for in the partnership agreement causes a forfeiture of all interest on the debt and it becomes a loan which bears no interest, and (3) the interest paid on the loan should be credited on the principal amount of the loan.

**10. Rules of Civil Procedure § 56— summary judgment — parties and actions**

Summary judgment is not limited to any particular types of action and is available to both plaintiff and defendant.

**11. Rules of Civil Procedure §§ 12, 56— motions treated as summary judgment motions**

Motions under Rules 12(b)(6) and 12(c) can be treated as summary judgment motions, the difference being that under Rules 12(b)(6) and 12(c) the motion is decided on the pleadings alone, while under Rule 56 the court may receive and consider various kinds of evidence.

**12. Rules of Civil Procedure § 56— summary judgment — evidence which court may consider**

Evidence which may be considered upon motion for summary judgment includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken; oral testimony may also be received by reason of Rule 43(e).

**13. Rules of Civil Procedure § 56— purpose of summary judgment**

Rule 56 is for the disposition of cases where there is no genuine issue of fact and its purpose is to eliminate formal trials where only questions of law are involved.

**14. Usury § 6— action for usury — summary judgment for plaintiff**

The trial court properly allowed plaintiffs' motion for summary judgment in an action for usury where the record reveals that the parties were in agreement as to all the factual particulars concerning

Kessing v. Mortgage Corp.

the making and the terms of the loan and that plaintiff was entitled to judgment as a matter of law.

**15. Bills and Notes § 13; Mortgages and Deeds of Trust § 19— acceleration of maturity — summary judgment for borrower**

In this action for usury, summary judgment was properly entered dismissing defendant's counterclaim for recovery of the entire principal balance of the note and accrued interest under a provision of the note which gives defendant the right to accelerate payment on the insolvency of the maker, where plaintiffs presented evidence showing that the maker had assets substantially in excess of liabilities, and defendant offered no countervailing evidence.

**16. Bankruptcy § 1— test of solvency**

The test of solvency in this State is whether or not the entire assets of the person or entity in question equal or exceed in value the total indebtedness of such person or entity.

**17. Partnership § 1— partnership agreement in violation of usury laws**

Limited partnership agreement entered into by the borrower and lender as part of a loan transaction which violated G.S. 24-8 as amended in 1969 was void.

Justice HIGGINS dissenting in part.

APPEAL by defendant from *Canaday, J.,* 21 September 1970 Session of ORANGE Superior Court, certified for review by the Supreme Court before determination by the Court of Appeals upon motion of defendant.

Jonas W. Kessing (Kessing), individually and as a general and limited partner of Village Associates of Chapel Hill Limited Partnership (Partnership) ; Alice H. Kessing (Mrs. Kessing), wife of Jonas W. Kessing; and Jonas W. Kessing Company (Kessing Company), a North Carolina corporation, instituted this action against National Mortgage Corporation (Mortgage Corporation), a Delaware corporation, to recover for alleged usurious interest paid to defendant and to have deeds of conveyance to Partnership and the partnership agreement creating Partnership cancelled and declared null and void on the grounds that the loan made by defendant Mortgage Corporation violated the provisions of amended G.S. 24-8.

Defendant filed answer and counterclaims alleging that the loan in question was valid and not usurious and sought to recover damages for misappropriation of Partnership funds, the amount of the debt due for the funds loaned, and for the

appointment of a receiver for Kessing Company and for the Partnership.

The matter was heard in the Superior Court on motion by plaintiff for summary judgment and motions by defendant for the appointment of receivers.

Admissions in the pleadings and the uncontradicted testimony of the parties establish that prior to 9 July 1969 Kessing Company applied to Mortgage Corporation for a loan in the sum of $250,000; that on 14 May 1969 Mortgage Corporation notified Kessing Company that its application for a loan in the amount of $250,000 had been approved and that "funding will take place, in the increments previously agreed upon, as soon as the formal loan agreement is completed and executed by all parties." No additional loan agreement was entered into by the parties, but all the terms and conditions concerning the loan were agreed upon by the parties prior to 30 June 1969. The loan was closed on 9 July 1969. On that date Kessing Company executed and delivered to Mortgage Corporation a note payable to Mortgage Corporation in the principal sum of $250,000, payable in monthly installments of $500 commencing on 1 May 1970, and with interest at the rate of 8% per annum, payable monthly commencing on 1 August 1969, the monthly payments of principal and interest to continue until 1 June 1974 at which time any unpaid balance of principal or accrued interest became due and payable. The note was endorsed by Kessing and his wife and was secured by a first deed of trust on a leasehold interest in a lot located in Chapel Hill and a second deed of trust on five acres of land in Chapel Hill on which were located 42 garden apartments known as Castillian Apartments. As an additional requirement and condition for making the loan, Mortgage Corporation required that Kessing and Mortgage Corporation enter into a partnership agreement by the terms of which Kessing was the sole general partner and one of the two limited partners, and Mortgage Corporation was the other limited partner. This partnership agreement provided that Mortgage Corporation have a 25% interest in the Partnership for a consideration of $25, that Mortgage Corporation would have 25% of the profits of the Partnership but its liability would be limited to its capital contribution of $25. Kessing Company was required to convey to the Partnership the same properties as described in the deed of trust securing this loan.

The partnership agreement and the deed from Kessing Company to the Partnership were all executed on 9 July 1969, and defendant's check for $250,000 was delivered and disbursed that day. Kessing Company has made all payments on the principal and the interest at 8% in accordance with the note and is not in arrears. No earnings from the Partnership have been paid to defendant. Other evidence pertinent to decision will be set out in the opinion.

After hearing the motions of plaintiffs and defendant and the testimony offered by Kessing and Mortgage Corporation, Judge Canaday made findings of fact and entered judgment in plaintiffs' favor on the motion for summary judgment and adjudged (1) that plaintiff recover $50,000 as twice the amount of usurious interest paid, (2) that all further interest be forfeited, (3) that the partnership agreement between the parties be voided and the deeds of conveyance to the Partnership be cancelled, and (4) the counterclaims of defendant be dismissed.

From this judgment defendant appealed.

*Manning, Allen & Hudson by James Allen, Jr., and Bryant, Lipton, Bryant & Battle by F. Gordon Battle for defendant appellant.*

*Newsom, Graham, Strayhorn, Hedrick & Murray by Josiah S. Murray III, for plaintiff appellees.*

MOORE, Justice.

Defendant first contends that the court erred in ruling that G.S. 24-8 as amended was applicable to the loan in question.

Prior to its amendment on 2 July 1969, G.S. 24-8 provided that on loans of $30,000 or more to corporations the legal rate of interest was 8%.

By amendment effective 2 July 1969, G.S. 24-8 was rewritten to read, in pertinent part, as follows:

> "Loans not in excess of $300,000; what interest, fees and charges permitted.—No lender shall charge or receive from any borrower or require in connection with a loan any borrower, directly or indirectly, to pay, deliver, transfer or convey or otherwise confer upon or for the benefit of the lender or any other other person, firm or corporation

any sum of money, thing of value or other consideration other than that which is pledged as security or collateral to secure the repayment of the full principal of the loan, together with fees and interest provided for in chapter 24 or chapter 53 of the North Carolina General Statutes, where the principal amount of a loan is not in excess of three hundred thousand dollars ($300,000.00) ; . . . ”

This amendment further provided that it did not apply to any loan made prior to 2 July 1969.

It is conceded by all the parties that the loan in question was actually closed on 9 July 1969. The question posed by this assignment is: Was the loan made on 9 July 1969, the date closed, or at a prior date when the application for the loan was approved?

The parties agree that for several months prior to 14 May 1969 Kessing Company had been negotiating with defendant for a loan in the amount of $250,000. On 14 May 1969 defendant wrote Kessing as follows:

“Mr. Jonas W. Kessing
201 East Rosemary Street
Chapel Hill, North Carolina 27514

“Dear Mr. Kessing:

“Your request for a loan in the amount of $250,000 was approved by our Executive Committee on May 6, 1969.

“The terms and conditions of said loan will remain as we discussed in our meeting May 13, 1969.

“Funding will take place, in the increments previously agreed upon, *as soon as the formal loan agreement is completed and executed* by all parties. [Emphasis added.]

Very truly yours,
/s/   Richard F. Downham”

[1]   All parties also agree that the terms for the loan were agreed upon prior to 30 June 1969 but that no loan agreement was executed prior to 9 July 1969. On 9 July 1969 the note for $250,000, endorsed by Kessing and his wife, and the deed of trust securing the note were executed by Kessing Company

and delivered to defendant. On the same date defendant's check for $250,000, dated 8 July 1969, was delivered and disbursed. Other documents in connection with the loan, including the partnership agreement between Kessing and defendant and a deed from Kessing Company to the Partnership conveying to the Partnership the same lands as described in the deed of trust securing the loan, were executed. On these uncontroverted facts, the trial court held that the loan was made on 9 July 1969. We agree.

[2] The concept and elements of a "loan" are well understood in both the popular and legal usage of the term. "A loan of money has been defined as a contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrows." 54 C.J.S. Loans, p. 654. Accord, *United States v. Neifert-White Co.,* 247 F. Supp. 878 (D. Mont. 1965), aff'd 372 F. 2d 372 (9th Cir. 1967), revd. on oth. grds. 390 U. S. 228, 19 L. Ed. 2d 1061, 88 S.Ct. 959 (1968) ; *National Bank of Paulding v. Fidelity & Cas. Co.,* 131 F. Supp. 121 (S.D.Ohio 1954) ; *Keystone Mortgage Co. v. MacDonald,* 254 C.A. 2d 808, 62 Cal. Rptr. 562; *Wayne Pump Co. v. Department of Treasury,* 232 Ind. 147, 110 N. E. 2d 284. It has been held that a loan has been made upon "the delivery by one party and the receipt by the other party of a given sum of money, on an agreement, express or implied, to repay the sum lent, with or without interest." 54 C.J.S., *supra.* Accord, *National Bank of Paulding v. Fidelity & Cas. Co., supra; Isaacson v. House,* 216 Ga. 698, 119 S.E. 2d 113; *Wayne Pump Co. v. Department of Treasury, supra; Cartney v. Olson,* 154 Neb. 546, 48 N. W. 2d 653. These definitions require that there be a delivery of money on the one hand and an understanding to repay on the other for a loan to have been made. Accord, 54 C.J.S., *supra,* p. 656; 9 C.J.S. Banks and Banking § 383.

[1] At most, the negotiations carried on between the parties in the present case prior to 9 July 1969 constituted an executory contract to make a loan. This Court in considering the contractual commitment of a defendant to make a loan has declared that an action for specific performance of such a commitment would not lie, that the transaction was a contract to lend money upon a certain security, and that upon breach of such an agreement the action is to recover damages. *Norwood v. Crowder,* 177 N.C. 469, 99 S.E. 345; *Elks v. Insurance Co.,* 159 N.C.

619, 75 S.E. 808; *Coles v. Lumber Co.,* 150 N.C. 183, 63 S.E. 736. Implicit in these decisions is the recognition by this Court of the executory contract to lend and the distinction between such a contract and that of a loan made.

Conceding *arguendo* that the court erred in finding that the loan was made 9 July 1969, the error, if any, would be harmless. For the reasons stated later in the opinion, the loan would be usurious under G.S. 24-8 either before or after the amendment of 2 July 1969.

Defendant next contends that the trial court erred in the penalty imposed upon the defendant—that first the court erred in adjudging that the plaintiff Kessing Company recover of defendant the sum of $50,000 as twice the amount of usurious interest paid.

[3-6] In an action for usury plaintiff must show (1) that there was a loan, (2) that there was an understanding that the money lent would be returned, (3) that for the loan a greater rate of interest than allowed by law was paid, and (4) that there was corrupt intent to take more than the legal rate for the use of the money. *Henderson v. Finance Co.,* 273 N.C. 253, 263, 160 S.E. 2d 39, 47; *Bank v. Merrimon,* 260 N.C. 335, 132 S.E. 2d 692; *Preyer v. Parker,* 257 N.C. 440, 125 S.E. 2d 916; *Doster v. English,* 152 N.C. 339, 67 S.E. 754; 7 Strong's N. C. Index 2d, Usury § 1, p. 447; 45 Am. Jur. 2d, Interest and Usury § 111 (1969); Comment, *Usury Law in North Carolina,* 47 N.C. L. Rev. 761 (1969). The corrupt intent required to constitute usury is simply the intentional charging of more for money lent than the law allows. *Associated Stores, Inc. v. Industrial Loan & Invest. Co.,* 202 F. Supp. 251 (E.D.N.C. 1962). Where the lender intentionally charges the borrower a greater rate of interest than the law allows and his purpose is clearly revealed on the face of the instrument, a corrupt intent to violate the usury law on the part of the lender is shown. *Bank v. Wysong & Miles Co.,* 177 N.C. 380, 99 S.E. 199; 12 A.L.R. 1412; *MacRackan v. Bank,* 164 N.C. 24, 80 S.E. 184; *Riley v. Sears,* 154 N.C. 509, 70 S.E. 997. And where there is no dispute as to the facts, the court may declare a transaction usurious as a matter of law. *Doster v. English, supra.*

[7] Under G.S. 24-8 prior to the 1969 amendment, the legal interest allowed on the loan in question was 8%. The president

of defendant corporation testified that the loan of $250,000 was secured by a deed of trust which had full warranty, and the loan was repayable to defendant under any circumstances. Defendant's president further testified that defendant would not have made this loan at the simple rate of 8% but that the added equity participation provided for by the creation of the Partnership and the conveyances to it were considerations for the making of the loan; that from the 25% of the profits to be realized by the Partnership the defendant had an expected or "hoped for" yield of between 16% and 20%—certainly over 8%. Our courts do not hesitate to look beneath the forms of the transactions alleged to be usurious in order to determine whether or not such transactions are in truth and reality usurious. *Pratt v. Mortgage Company,* 196 N.C. 294, 145 S.E. 396; *Bank v. Wysong & Miles Co., supra; MacRackan v. Bank, supra;* See also Annot., 16 A.L.R. 3d 475, 480 (1967); Comment, *Usury Law in North Carolina,* 47 N.C. L. Rev. 761, 776 (1969). Under G.S. 24-8 before the 2 July 1969 amendment, this agreement would have been usurious, for as is said in *Ripple v. Mortgage Corp.,* 193 N.C. 422, 137 S.E. 156:

> " . . . Where a transaction is in reality a loan of money, whatever may be its form, and the lender charges for the use of his money a sum in excess of interest at the legal rate, by whatever name the charge may be called, the transaction will be held to be usurious. The law considers the substance and not the mere form or outward appearance of the transaction in order to determine what it in reality is. If this were not so, the usury laws of the State would easily be evaded by lenders of money who would exact from borrowers with impunity compensation for money loaned in excess of interest at the legal rate."

G.S. 24-8 as amended specifically prohibited the very type equity participation created by the Partnership formed in connection with this loan by providing: "No lender shall . . . require . . . any borrower, directly or indirectly, to . . . transfer or convey . . . for the benefit of the lender . . . any sum of money, thing of value or other consideration other than that which is pledged as security . . . . " A 25% interest in the Partnership (which owned the realty conveyed to it by Kessing Company) was a "thing of value." This made the partnership agreement unlawful. Under the statute, the loan was usurious.

**[8, 9]** The penalty for charging a greater rate of interest than permitted by law, either before or after the interest accrues, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it. In the event a greater rate of interest has been paid than allowed by law, the person or corporation which has paid such usurious interest may recover twice the amount of interest paid. G.S. 24-2; *Ripple v. Mortgage Corp., supra; Sloan v. Insurance Co.,* 189 N.C. 690, 128 S.E. 2; *Waters v. Garris,* 188 N.C. 305, 124 S.E. 334; 7 Strong's, *supra,* §§ 5 and 6. In the present case a greater rate of interest than allowed by law was charged by means of the partnership agreement required, but no profit has yet inured to the defendant under this agreement. The only interest actually paid by Kessing Company was the 8% provided for in the note. This in itself was a legal rate. No usurious interest has been *paid,* and Kessing Company is not entitled to recover double the amount of the interest. *Clark v. Bank,* 200 N.C. 635, 158 S.E. 96; *Briggs v. Bank,* 197 N.C. 120, 147 S.E. 815; 7 Strong's, *supra,* § 6; 45 Am. Jur. 2d, Interest and Usury § 316 (1969). The statutory penalty for *charging* usury is the forfeiture of *all* interest on the loan. The charging of usurious interest as provided for by the partnership agreement in this case is sufficient to cause a forfeiture of all the interest charged. The charging of such usurious interest strips the debt of all interest. It becomes simply a loan which in law bears no interest. Any payments of interest which have been made at a legal rate are by law applied to the only legal indebtedness—the principal sum. *Williams v. Bank,* 161 N.C. 49, 76 S.E. 531; *Ervin v. Bank,* 161 N.C. 42, 76 S.E. 529; *Smith v. Building and Loan Assn.,* 119 N.C. 249, 26 S.E. 41; *Moore v. Beaman,* 112 N.C. 558, 17 S.E. 676. Accord, *Brown v. Bank,* 169 U.S. 416, 42 L. Ed. 801, 18 S.Ct. 390 (1898). In the instant case Kessing Company has paid $25,000. Since all interest has been forfeited, the payments made should be credited on the principal amount of the loan.

We hold, therefore, that the plaintiffs are not entitled to recover double the amount of the interest paid on this loan and that the trial court erred in so holding. We further hold that all interest on the loan is forfeited and that the payments made should be credited on the principal amount of the loan.

Defendant next contends that the court erred in allowing plaintiffs' motion for summary judgment and dismissing the defendant's counterclaims.

[10-12] The text of Rule 56 of the North Carolina Rules of Civil Procedure providing for summary judgment and that of Rule 56 of the Federal Rules of Civil Procedure are practically the same. Like the Federal rule, our new rule is not limited in its application to any particular type or types of action, and the procedures are available to both plaintiff and defendant. G.S. 1A-1, Rule 56; Gordon, *The New Summary Judgment Rule in North Carolina,* 5 Wake Forest Intra. L. Rev. 87 (1969) [hereinafter cited as Gordon]. The purpose of summary judgment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue. Two types of cases are involved: (a) Those where a claim or defense is utterly baseless in fact, and (b) those where only a question of law on the indisputable facts is in controversy and it can be appropriately decided without full exposure of trial. 2 McIntosh, N. C. Practice and Procedure § 1660.5 (2d Ed., Phillips' Supp. 1970) [hereinafter cited as Phillips]; 3 Barron and Holtzoff, Federal Practice and Procedure § 1234 (Wright Ed., 1958). The motion for summary judgment legitimized the old "speaking demurrer." Phillips, *supra.* Motions under Rules 12(b)(6) and 12(c) can be treated as summary judgment motions, the difference being that under Rules 12(b)(6) and 12(c) the motion is decided on the pleadings alone, while under Rule 56 the court may receive and consider various kinds of evidence. G.S. 1A-1, Rule 12(b) and (c); Phillips, § 1660.10; 3 Barron and Holtzoff, *supra,* § 1240 (Wright Ed., 1958); 6 Moore's Federal Practice § 56.02[3], 56.15[8] (2d Ed., 1966). Evidence which may be considered under Rule 56 includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file whether obtained under Rule 36 or in any other way, affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken. G.S. 1A-1, Rule 56(c); Phillips § 1660.10; 3 Barron and Holtzoff, *supra,* § 1236 (Wright Ed., 1958); 6 Moore's, *supra,* § 56.11 (2d Ed., 1966). Oral testimony may also be received by reason of Rule 43(e). *Arrington v. City of Fairfield, Ala.,* 414 F. 2d 687 (5th Cir. 1969) (by implication); *Burnham Chemical Co. v. Borax Con-*

*solidated,* 170 F. 2d 569 (9th Cir. 1948), *cert. den.* 336 U.S. 924, 93 L. Ed. 1086, 69 S.Ct. 655 (1949); Phillips, *supra;* 3 Barron and Holtzoff, *supra,* § 1236, p. 162 (Wright Ed., 1958); 6 Moore's, *supra,* § 56.11[8] (2d Ed., 1966).

[13] The standard for summary judgment is fixed by Rule 56(c). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "The rule does not contemplate that the court will decide an issue of fact, but rather will determine whether a real issue of fact exists." Gordon, p. 88. Accord, *Stevens v. Johnson Co.,* 181 F. 2d 390 (4th Cir. 1950). Rule 56 is for the disposition of cases where there is no genuine issue of fact and its purpose is to eliminate formal trials where only questions of law are involved. Since this rule provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue. However, summary judgments should be looked upon with favor where no genuine issue of material fact is presented. 3 Barron and Holtzoff, *supra,* § 1231 (Wright Ed., 1958). Where there is no genuine issue as to the facts, the presence of important or difficult questions of law is no barrier to the granting of summary judgment. *Ammons v. Franklin Life Insurance Co.,* 348 F. 2d 414 (5th Cir. 1965); *Palmer v. Chamberlin,* 191 F. 2d 532, 27 A.L.R. 2d 416, *reh. den.* 191 F. 2d 859 (5th Cir. 1951); *Crowder v. United States,* 255 F. Supp. 873 (N.D. Cal. 1964), aff'd 362 F. 2d 1011 (9th Cir. 1966); 3 Barron and Holtzoff, *supra,* § 1234, pp. 126-27 (Wright Ed., 1958); 6 Moore's, *supra,* § 56.16 (2d Ed., 1966).

"The determination of what constitutes a 'genuine issue as to any material fact' is often difficult. It has been said that an issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. A question of fact which is immaterial does not preclude summary judgment. It has been said that a genuine issue is one which can be maintained by substantial evidence. Where the pleadings

Kessing v. Mortgage Corp.

or proof of either party disclose that no cause of action or defense exists, a summary judgment may be granted . . . . If there is any question as to the credibility of witnesses or the weight of evidence, a summary judgment should be denied. . . . " 3 Barron and Holtzoff, *supra,* § 1234 (Wright Ed. 1958).

[14] Procedurally, the question in the instant case is reduced to whether or not the pleadings, together with the affidavit and oral testimony of the parties, show there is any genuine issue as to any material fact, and whether any party is entitled to a judgment as a matter of law. A careful review of the record reveals that the parties were in agreement as to all the factual particulars concerning the making and the terms of the loan. There was no "genuine issue as to any material fact." The effect of the undisputed facts was a question of law for the court to determine. 3 Barron and Holtzoff, *supra,* § 1231 (Wright Ed., 1958) and cases there cited.

[15, 16] The defensive portion of the plaintiffs' motion for summary judgment prays for a dismissal of the counterclaims of the defendant for like reason that there is no genuine issue as to any material fact. In the first counterclaim the defendant prays for recovery of the entire principal balance of the note and accrued interest under a provision in the note which gives defendant the right to accelerate payment of the note on the insolvency of the maker, Kessing Company. The note admittedly was not in default as to any payment of interest or principal. The question raised by this counterclaim was whether there was any genuine issue of fact as to the solvency of Kessing Company. The test of solvency in North Carolina is whether or not the entire assets of the person or entity in question equal or exceed in value the total indebtedness of such person or entity. *Flowers v. Chemical Co.,* 199 N.C. 456, 154 S.E. 736; *Mining Co. v. Smelting Co.,* 119 N.C. 417, 25 S.E. 954. Kessing Company and Kessing individually presented evidence showing assets substantially in excess of liabilities. Defendant, on inquiry by the trial court as to whether any responsive countervailing evidence could be presented, failed to present such. Under these circumstances, defendant's mere allegations were not sufficient and summary judgment was appropriately entered dismissing the first counterclaim. G.S. 1A-1, Rule 56 (e) ; Phillips, § 1660.5; 3 Barron and Holtzoff, *supra,* § 1235.1 (Wright Ed., 1958) ; 6 Moore's, *supra,* § 56.22[2] (2d., Ed., 1966).

Kessing v. Mortgage Corp.

For a general discussion of summary judgment, also see: Wright, Law of Federal Courts § 99 (2d Ed., 1970); 35B C.J.S. Federal Civil Procedure §§ 1135-1218 (1960); 41 Am. Jur., Pleading §§ 340-343 (1942).

[17] Defendant's second, third, and fourth counterclaims relate to the limited Partnership entered into by Kessing and defendant. The trial court correctly adjudged that this loan transaction considered as a whole violated the terms of G.S. 24-8 as amended. It followed, therefore, that the limited partnership agreement and the conveyances made to the Partnership contrary to the statute were void. The courts of this State will not lend their aid to the enforcement of a contract which is unlawful and violates its positive legislation. *Lamm v. Crumpler,* 242 N.C. 438, 88 S.E. 2d 83; *Merrell v. Stuart,* 220 N.C. 326, 17 S.E. 2d 458; *Shoe Co. v. Department Store,* 212 N.C. 75, 193 S.E. 9. The making of this loan in direct violation of G.S. 24-8 as amended made the limited partnership agreement unlawful, and the defendant is not entitled to any relief on its second, third, and fourth counterclaims based on this unlawful agreement.

For the reasons stated, the judgment entered in the Superior Court is modified by striking out that part of the judgment which provides that Kessing Company recover of the defendant $50,000 as twice the amount of usurious interest paid by Kessing Company to the defendant, and it is further modified to provide that all interest, accrued or unaccrued, on the note made and delivered by Kessing Company to the defendant is declared forfeited, and the $25,000 paid by Kessing Company to defendant is ordered credited on the principal amount of the note executed by Kessing Company to defendant. As so modified, the judgment of the Superior Court is in all other respects affirmed.

Modified and affirmed.

Justice HIGGINS dissenting in part.

I am in full accord with the well documented opinion except in one particular. The opinion, I think, correctly states the rule with respect to the penalty which the law permits the debtor to exact as a result of his usurious contract. The penalty

is the forfeiture of all interest. If any interest is actually paid, the debtor is entitled to recover twice the amount so paid.

The court correctly holds: (1) The contract here involved carries a usurious rate of interest; (2) "It becomes simply a loan which in law bears no interest." The trial court by Findings of Fact No. 19 established, "That the plaintiff, Jonas W. Kessing Company, has heretofore paid to National Mortgage Corporation as *interest* (emphasis added) on the subject loan transaction the aggregate sum of Twenty Five Thousand and no/100 Dollars ($25,000.00) . . . ." The court says that the $25,000.00 paid, no interest being due, should be credited on the principal.

I have no trouble whatever following the opinion up to this point, but I do not agree with that part of the opinion which says "We hold, therefore, that the plaintiffs are not entitled to recover double the amount of the interest paid on this loan and that the trial court erred in so holding." In my opinion legal interest cannot accrue on a contract which provides for the payment of usury and such payment when made entitles the payor to the return of the amount paid (or a credit on the principal debt) and an equal amount as a penalty for the illegal exaction.

I vote to affirm the judgment of the superior court.