## APPALACHIAN SOUTH, INC. v. CONSTRUCTION MORTGAGE CORPORATION

### No. 7124SC371

#### (Filed 14 July 1971)

1. Usury § 1— transactions usurious — construction loan commitment

    A construction loan commitment which charged an annual interest of 7¾%, plus a "service fee" of ½% per month on the outstanding balance, the loan to be paid within one year, was usurious. G.S. 24-8

2. Usury § 1— application of usury laws — loan on realty in this State

    A loan secured by real estate located in North Carolina is subject to the laws of North Carolina relating to interest and usury.

APPEAL by plaintiff from *Froneberger, Judge,* 12 December 1970 Session of Superior Court held in WATAUGA County.

Plaintiff alleges that it is a North Carolina corporation with offices in Boone, North Carolina, and that on or about 27 May 1968 defendant, a Virginia corporation qualified to do business in North Carolina, agreed to loan plaintiff the sum of $375,000.00 for the construction of certain apartment houses, consisting of dwelling units for more than four families in the aggregate for each apartment house for a total of 76 family dwelling units, upon plaintiff's real estate at 827 Faculty Street, Boone, North Carolina. The loan was to bear "interest" at the rate of 7¾ per cent per annum and a "service fee" of one-half of one per cent per month with a maturity date of 30 May 1969. Defendant disbursed certain sums of money to plaintiff as agreed but retained ten per cent out of each disbursement. For the use of the money loaned, defendant charged and plaintiff paid the sum of $20,130.22 in "interest," $15,566.72 in "service charges," and $1,450.00 in "inspection fees," for a total of $37,146.94. The maximum amount the defendant was permitted to charge under the law for the use of the money was $14,567.00, and the collection of more than was allowed by law was usury.

In its answer defendant denied the material allegations of the complaint and by way of further defense alleged that the contract for the loan was made in the Commonwealth of Virginia and under the laws thereof is not usurious.

After interrogatories were answered and requests for admissions were complied with, plaintiff made two motions: One for summary judgment pursuant to G.S. 1A-1, Rule 56, and the other for judgment on the pleadings under G.S. 1A-1, Rule 12(c), and on 7 October 1970 served notice of these motions by mail on defendant. On 9 November 1970 the parties stipulated as follows:

"1. On or after May 31, 1968, the plaintiff and defendant entered into an Agreement (Loan Commitment) by the terms of which defendant agreed to lend plaintiff certain sums of money for the construction of an apartment complex consisting of dwelling units for more than four families in the aggregate for each apartment house, on land owned by plaintiff in Boone, Watauga County, North Carolina.

2. The terms of the construction loan commitment from the defendant to the plaintiff were in the form of a letter from Mr. J. R. Wood, Vice President of the defendant Corporation, dated May 27, 1968, to Mr. Larry Maher, of the plaintiff Corporation. The verbatim terms of said loan commitment, as accepted, are set forth in Exhibit A attached to the plaintiff's Request for Admissions.

3. The construction loan from the defendant to the plaintiff was evidenced by a Promissory Note executed by the plaintiff to the defendant in the face amount of $375,000.00, dated June 14, 1968, and personally endorsed by Larry W. Maher and wife, Garnett L. Maher, an exact copy of said Note being attached to plaintiff's Request for Admissions as Exhibit B.

4. The construction loan Note was secured by a Deed of Trust from plaintiff to J. W. Keith, Jr., and James R. Wood, Trustees, dated June 14, 1968, wherein plaintiff conveyed certain real estate located in the County of Watauga, State of North Carolina. Said Deed of Trust was filed for recording in the Register of Deeds' Office for Watauga County, North Carolina, on June 24, 1968, at 3:45 o'clock p.m., and was duly recorded in Deed Book 116 at page 443, in said office. A copy of said Deed of Trust setting forth the verbatim terms thereof and certified by the Register of Deeds for Watauga County, North Carolina, is attached to the plaintiff's Request for Admissions as Exhibit C.

5. The defendant disbursed certain sums of money to plaintiff pursuant to the construction loan over the period from June, 1968, through February, 1969.

6. Mr. John Bingham, attorney at law, Boone, North Carolina, performed a title examination of the real estate constituting the security for the loan from the defendant to the plaintiff. However, some of the other legal matters incident to this construction loan were handled by defendant's counsel.

7. The rate of interest which defendant charged plaintiff for the construction loan was 7¾%. The total amount of money that defendant charged plaintiff for 'interest' in connection with the construction loan was $20,220.22.

8. The percentage rate that defendant charged plaintiff as service charges in connection with the construction loan was ½ of 1% per month on the unpaid balance. The total amount of money that defendant charged plaintiff for 'service fees' in connection with the construction loan was $15,637.74.

9. The defendant made certain inspections of the apartment complex as construction progressed and charged plaintiff $75.00 for each inspection. The total amount of money that defendant charged plaintiff for 'inspection fees' was $1,450.00. Most of the inspections were made by Mr. M. F. Brooks of Kingsport, Tennessee.

10. The plaintiff repaid the principal of the loan to defendant, together with the sum of $37,307.96 to defendant as 'interest', 'inspection fees', and 'service charges.' The construction loan Note and Deed of Trust were marked paid on May 14, 1969, by defendant and the Deed of Trust was cancelled of record in the office of the Register of Deeds for Watauga County, North Carolina, as reflected on Exhibits B and C, respectively, which are attached to the plaintiff's Request for Admissions."

The deed of trust referred to in paragraph 4 of these stipulations was cancelled on 14 May 1969. The note referred to in paragraph 3 of these stipulations was dated 14 June 1968 and reads, in pertinent part:

"FOR VALUE RECEIVED, the undersigned promises to pay to the order of CONSTRUCTION MORTGAGE CORPORATION in lawful money of the United States of America the principal sum of THREE HUNDRED SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($375,000.00) and interest thereon on the unpaid balance at the annual rate of one percent above the prime rate prevailing from time to time in the Federal Reserve District in which the property is located, provided, however, that in no event shall the rate exceed the contract interest rate permitted in the jurisdiction wherein the property is located. Interest only to be paid on the first day of each month beginning with the first day of each month following the date hereof, and the entire indebtedness, unless sooner paid, shall be due on May 30, 1969."

South, Inc. v. Mortgage Corp.

When the cause came on for a hearing, the parties stipulated "that the Court may hear the evidence, find the facts and make its conclusions of law, either in term or out of term."

Plaintiff and defendant both offered evidence. The trial judge, without specifically ruling on the plaintiff's motion for summary judgment and judgment on the pleadings, made findings of fact and conclusions of law and entered a judgment that plaintiff recover nothing.

Plaintiff appealed, assigning error.

*Keener & Cagle by Joe N. Cagle for plaintiff appellant.*

*Adams, Kleemeier, Hagan, Hannah & Fouts by Walter L. Hannah and Joseph W. Moss for defendant appellee.*

MALLARD, Chief Judge.

[1, 2]  The loan commitment referred to in paragraph 2 of the stipulations provided that interest would be charged on the outstanding balance due on the loan at the rate of 7¾% per annum, plus a "service fee" of one-half of one percent per month payable monthly on the outstanding balance. The note, by its terms, was not usurious; however, under Chapter 24 of the General Statutes in effect at the time the loan involved herein was made, the loan commitment, which was made a part of the stipulations, provided on its face for the extracting of more than the specified legal rate for the hire of money allowed at the time and under the circumstances and conditions of this loan.

The statutes against usury forbid the extraction or reception of more than the specified legal rate for the hire of money. At the time this loan was made and paid, the provisions of G.S. 24-8 allowing a corporation to charge as much as 8 per cent interest, under certain circumstances, was not applicable to this transaction because the loan matured within less than five years from the date thereof by the terms of the note.

Where the loan is secured by real estate located in North Carolina, the loan is subject to the laws of North Carolina relating to interest and usury. *Meroney v. B. and L. Assn.*, 116 N.C. 882, 21 S.E. 924 (1895).

South, Inc. v. Mortgage Corp.

It is said in *Kessing v. National Mortgage Corporation,* 278 N.C. 523, 180 S.E. 2d 823 (1971), that:

> "In an action for usury plaintiff must show (1) that there was a loan, (2) that there was an understanding that the money lent would be returned, (3) that for the loan a greater rate of interest than allowed by law was paid, and (4) that there was corrupt intent to take more than the legal rate for the use of the money. (citations omitted) The corrupt intent required to constitute usury is simply the intentional charging of more for money lent than the law allows. (citations omitted) Where the lender intentionally charges the borrower a greater rate of interest than the law allows and his purpose is clearly revealed on the face of the instrument, a corrupt intent to violate the usury law on the part of the lender is shown. (citations omitted) And where there is no dispute as to the facts, the court may declare a transaction usurious as a matter of law. (citation omitted)"

The stipulations by the parties judicially admitted: There was a loan of money from defendant to plaintiff; it was to be repaid; the money was for a construction loan on real property situated in Watauga County and secured by a deed of trust thereon; it was due and was repaid within a year after the date thereof; a greater rate of interest than allowed by law was charged and collected; and the interest was charged and collected intentionally.

We hold that the trial judge committed error in failing to allow plaintiff's motion for summary judgment. *Kessing v. National Mortgage Corporation, supra.* The judgment of the superior court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges CAMPBELL and HEDRICK concur.