DOTTIE EILEEN KITCHEN v. WACHOVIA BANK & TRUST COMPANY, N.A.

No. 798SC404

(Filed 18 December 1979)

**Trover and Conversion § 2— repossession of trailer—personalty wrongfully taken —no demand for return—no gratuitous bailment—summary judgment improper**

In an action to recover for the wrongful conversion of personal property by defendant during the process of repossessing plaintiff's mobile home in which defendant had a security interest, the trial court erred in entering summary judgment for defendant where there was a genuine issue of fact as to whether plaintiff abandoned her personal property, and the fact that plaintiff failed to demand return of her property would not make summary judgment appropriate since a demand and refusal are merely one means of showing a conversion, and demand and refusal are unnecessary when there has been a wrongful taking. Furthermore, defendant's contention that its taking of the personal property under circumstances which led its agents to believe the property was abandoned constituted a gratuitous bailment was specifically contradicted by plaintiff's affidavit and therefore should have been resolved at trial.

APPEAL by plaintiff from *Stevens, Judge*. Judgment entered 8 March 1979 in Superior Court, WAYNE County. Heard in the Court of Appeals 4 December 1979.

Plaintiff brought suit against defendant in April 1976, alleging that during the process of repossessing plaintiff's mobile home in which defendant had a security interest, defendant wrongfully converted items of personal property owned by plaintiff to which the security interest did not apply. Plaintiff sought $635 in actual damages and $50,000 in punitive damages. On 10 June 1976 defendant filed motion for summary judgment, seeking dismissal of plaintiff's action. Supporting affidavits and answer to plaintiff's complaint were filed by defendant 28 February 1977 and 2 March 1979, respectively; plaintiff filed opposing affidavits 8 March 1979. The court granted defendant's motion after hearing arguments of counsel. Plaintiff appeals.

*Duke & Brown, by John E. Duke, and Hulse & Hulse, by Herbert B. Hulse, for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker, by Robert D. Walker, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

The rules governing the propriety or impropriety of granting summary judgment under Rule 56 are set forth in *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). It will serve no useful purpose to repeat them here. Reviewing the record on appeal before us in this case, we hold the entry of summary judgment was inappropriate, and reverse.

Plaintiff alleged that defendant wrongfully converted items of her personal property, including an air conditioner, a lawn mower, a ladder and a grill, located on the premises at the time her trailer was repossessed. Defendant offered affidavits from three men who were involved in the repossession. All three recited that "the mobile home did not appear to have been inhabited for several weeks." All three stated they found the items of personal property "on the location of P & D Mobile Home Park." James A. Starling, Jr., said he had kept the property in storage since the day the trailer was repossessed and was "willing and able to deliver those items to whomever the Court decides has possession of those items." In its answer defendant alleged as a defense that plaintiff had abandoned the property and that because of plaintiff's abandonment, defendant was "entitled to take immediate possession of said property." Defendant also alleged that because plaintiff had never made demand upon defendant for the return of her property, plaintiff's claim for relief based upon wrongful conversion was barred.

In plaintiff's affidavit, filed in opposition to defendant's motion for summary judgment, she testified that she moved her personal belongings out of the trailer on Wednesday and Thursday before the trailer was repossessed on Friday. She was pregnant and unable to move the heavier items. She told the manager of the trailer park that she would be back "the next day or over the weekend" to move the items she left behind. She found two friends who agreed to help her move the items on Saturday. When she returned to the trailer park, not only the trailer but also the personal property left outside the trailer in the yard was gone. "These items have never been returned to me, and I have never given Wachovia Bank & Trust Company permission to have them."

Intent to relinquish the property permanently is an essential element of abandonment of property; therefore, the question of abandonment is almost always a fact question for the jury. *Miller v. Teer*, 220 N.C. 605, 18 S.E. 2d 173 (1942); *Furniture Co. v. Cole*, 207 N.C. 840, 178 S.E. 579 (1935).

Clearly plaintiff's response to defendant's motion for summary judgment sets forth specific facts showing that there is a genuine issue for trial: whether plaintiff did abandon the personal property, as defendant maintains, or whether defendant wrongfully converted the property, as plaintiff contends.

Defendant contends that summary judgment was proper because plaintiff failed to demand return of her property. Plaintiff did not controvert this allegation. However, the general rule is that "where some other independent act of conversion can be shown, there is no necessity for a demand for personal property by the person claiming ownership or right to possession, and a refusal by the original taker thereof to deliver it, in order to show a conversion of the property." 89 C.J.S. Trover & Conversion § 55 (1955). A demand and refusal is merely one means of showing a conversion; a demand and refusal is unnecessary when there has been a wrongful taking. *Id.*

Defendant appellee argues in its brief that its taking the personal property into its possession under circumstances which led defendant's agents to believe the property was abandoned constituted a gratuitous bailment; therefore, it was in lawful and rightful possession of the property. Where a gratuitous bailment is established, there must be a demand by plaintiff bailor for return of the property followed by a refusal from defendant bailee to return the goods before an action for conversion will lie. *Herring v. Creech*, 241 N.C. 233, 84 S.E. 2d 886 (1954). But, as we have already stated, plaintiff's affidavit sets forth specific facts contradicting defendant's theory of gratuitous bailment which necessitate resolution at trial.

Defendant's attempt to create a gratuitous bailment out of an alleged abandonment by plaintiff is somewhat of a non sequitur. It is correct that personal property may be abandoned. 1 C.J.S. Abandonment § 5 (1936). But as a result of abandonment, ownership of personalty is lost; the former owner of the property is divested of title to the property. The original owner cannot

reassert his ownership rights after abandonment, to the prejudice of those who in the meantime appropriated the property. 1 Am. Jur. 2d Abandoned, Lost, Etc., Property § 24 (1962). Under the abandonment theory, plaintiff would have lost her property and would have no legal right to demand return of it.

Because a genuine issue for trial exists in this case, it was inappropriate that summary judgment be granted defendant.

Reversed.

Judges VAUGHN and WEBB concur.