ROGER SWINDELL AND WIFE, BETTY L. SWINDELL v. LARRY OVERTON, SUBSTITUTE TRUSTEE, THOMAS EDISON CAHOON AND WIFE, JULIA JONES CAHOON, WALTER G. CREDLE AND WIFE, DONNA S. CREDLE

No. 852SC1010

(Filed 6 May 1986)

1. **Usury § 1— interest exceeding amount allowed by law—corrupt intent as matter of law**

   Evidence of a lender's good intentions is not relevant to the issue of "corrupt intent" in determining whether a loan was a usurious transaction. Rather, corrupt intent was present as a matter of law where the agreed upon interest exceeded that allowed by law.

2. **Usury § 5— forfeiture of interest for usury**

   Where a usurious rate of interest has been charged by the lender but interest on the loan was not actually paid at the usurious rate, the borrower was entitled to recover only the amount of interest paid rather than double the interest. N.C.G.S. § 24-2.

APPEAL by defendants Thomas Edison Cahoon and Julia Jones Cahoon from *Brown, Judge.* Judgment entered 1 May 1985 in Superior Court, HYDE County. Heard in the Court of Appeals 11 February 1986.

Plaintiffs entered a loan agreement with defendants Thomas and Julia Cahoon (hereafter defendants) which evidenced, in part, a loan of $30,000 "together with interest thereon at the rate of nine and three-quarters per cent (9¾%) . . . per annum from October 14, 1978." This loan was secured by a forty-two acre tract of land in Hyde County through an assignment to defendants of an existing note and deed of trust on this property from plaintiffs to Wachovia Bank and Trust Company.

Plaintiffs defaulted in their obligation to repay defendants under the terms of the loan agreement, and defendants requested that the substitute trustee foreclose the deed of trust securing the note to Wachovia Bank and Trust Company which had previously been assigned to them. Defendants received payment in full for the $30,000 loan plus interest of $3,080 out of the proceeds from the foreclosure sale.

Plaintiffs brought this action alleging, *inter alia*, that defendants had charged a usurious rate of interest on the $30,000 loan and that plaintiffs had actually paid defendants a usurious rate of interest on this loan. The court concluded as a matter of law that the loan was a usurious transaction and only submitted to the jury the question of how much interest plaintiffs had paid to defendants. The jury found that plaintiffs had paid $3,080 in interest. The court then held that plaintiffs were entitled to recover twice this amount pursuant to N.C. Gen. Stat. 24-2. From a judgment awarding plaintiffs $6,160, defendants appeal.

*J. Michael Weeks, P.A., by J. Michael Weeks, and Rodman, Holscher and Francisco, by Edward N. Rodman, for plaintiff appellees.*

*Mitchell S. McLean for defendant appellants.*

WHICHARD, Judge.

[1]   Defendants contend the court erred in concluding as a matter of law that the loan was a usurious transaction. Specifically, they contend only that the court could not properly hold as a matter of law that the element of "corrupt intent" existed.

> It is well-established in North Carolina that the elements of usury are a loan or forbearance of money, an understanding that the money loaned shall be returned, payment or an agreement to pay a rate of interest greater than that allowed by law, and a corrupt intent to take a greater return than that allowed by law for the use of money loaned.

*Auto Supply v. Vick*, 303 N.C. 30, 37, 277 S.E. 2d 360, 366 (1981).

> The corrupt intent required to constitute usury is simply the intentional charging of more for money lent than the law allows. . . . Where the lender intentionally charges the borrower a greater rate of interest than the law allows and his

purpose is clearly revealed on the face of the instrument, a corrupt intent to violate the usury law on the part of the lender is shown. . . . And where there is no dispute as to the facts, the court may declare a transaction usurious as a matter of law. [Citations omitted.]

*Kessing v. Mortgage Corp.*, 278 N.C. 523, 530, 180 S.E. 2d 823, 827-28 (1971).

[T]he corrupt intention which is required by the line of authority anchored by *Kessing* is not that the offender intended to violate the usury laws. The intent which is required is merely the intention to take the interest which is called for in the loan or forbearance agreement. In the event that the agreed upon interest exceeds that allowed by law under the particular circumstances of the case, the requisite usurious intention exists.

*Auto Supply, supra*, 303 N.C. at 47, 277 S.E. 2d at 371.

Defendants contend that the court could not properly conclude as a matter of law that the element of "corrupt intent" existed because there was evidence showing defendants' good intentions in making this loan, *viz*, that plaintiff Roger Swindell and defendant Thomas Cahoon were friends and defendants were trying to help plaintiffs. However, under *Kessing* and *Auto Supply*, evidence of a lender's good intentions is not relevant to the issue of "corrupt intent." *See Kessing, supra*, 278 N.C. at 530, 180 S.E. 2d at 827; *Auto Supply, supra*, 303 N.C. at 47, 277 S.E. 2d at 371. Rather, corrupt intent is present where the agreed upon interest exceeds that allowed by law. *Auto Supply, supra*, 303 N.C. at 47, 277 S.E. 2d at 371. This assignment of error is therefore overruled.[1]

---

1. We note that the "PERSONAL NOTE AND AGREEMENT" is dated 14 October 1978 and provides for payment of the agreed upon interest from 14 October 1978 until paid. The document also recites, however, that it was executed on 19 April 1979. The complaint alleges that the document was executed on 19 April 1979 and provides for payment of interest from 14 October 1978. Defendants admit these allegations in their answer. Defendant Thomas Cahoon testified that the parties entered the agreement in October 1978.

On 14 October 1978 the applicable law restricted interest on a loan to "[e]ight percent (8%) per annum where the principal amount is fifty thousand dollars ($50,000) or less and is secured by a first mortgage or first deed of trust on real

[2]  Defendants next contend the court erred by awarding plaintiffs, under N.C. Gen. Stat. 24-2, double the amount of interest paid. We agree.

Given our disposition of the first issue, we assume when considering defendants' second contention that the maximum allowable interest rate was 8% per annum as mandated by N.C. Gen. Stat. 24-1.1 (1977 Cum. Supp.) prior to its amendment in 1979.

N.C. Gen. Stat. 24-2 provides, in pertinent part:

> The taking, receiving, reserving or charging a greater rate of interest than permitted by this chapter or other applicable law, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has been paid, the person or his legal representatives or corporation by whom it has been paid, may recover back twice the amount of interest paid in an action in the nature of action for debt.

Under this provision only where a usurious rate of interest has been paid by the borrower, rather than merely charged by the lender, may the borrower recover double the interest. *Kessing, supra*, 278 N.C. at 532, 180 S.E. 2d at 828-29. If a usurious interest rate has been charged but not actually paid, the penalty is forfeiture of the entire interest paid; the borrower is not allowed to recover double the interest. *Id.*

---

property . . . . N.C. Gen. Stat. 24-1.1 (1977 Cum. Supp.). Effective 12 March 1979, however, the General Assembly amended N.C. Gen. Stat. 24-1.1 to allow parties to contract in writing for the payment of interest at "any rate agreed upon by the parties where the principal amount is more than twenty-five thousand dollars ($25,000)." 1979 N.C. Sess. Laws, ch. 138.

The parties neither litigated below nor raised and argued on appeal the question of whether they entered the loan agreement before or after the effective date of the 1979 amendment to N.C. Gen. Stat. 24-1.1. They have assumed, in the trial court and on appeal, that the law applicable on 14 October 1978 governs. Our review is limited to questions presented in the briefs. N.C. R. App. P. 28(a); *see Harris v. Harris*, 307 N.C. 684, 690-91, 300 S.E. 2d 369, 373-74 (1983) ("when a party fails to raise an appealable issue, the appellate court will generally not raise it for the party"). Defendants have argued under this assignment of error only the issue of "corrupt intent," and we thus have passed upon that issue only.

The jury here found that plaintiffs had paid a total of $3,080 in interest on the $30,000 loan. Interest on this loan began to accrue at 9¾% per annum from 14 October 1978. On 3 November 1980 the substitute trustee disbursed to defendants $30,000 in principal and $3,080 in interest from the foreclosure proceeds.

Interest of $3,080 on a $30,000 loan of over two years duration is far below both the stated interest rate of 9¾% per annum and the allowable legal maximum of 8% per annum under N.C. Gen. Stat. 24-1.1 (1977 Cum. Supp.). The evidence shows that the substitute trustee apparently miscalculated the interest on this loan when disbursing the foreclosure sale proceeds. Presumably because of this error, interest on the loan was not actually paid at a usurious rate. Plaintiffs thus were only entitled to recover the amount of interest paid, or $3,080, rather than double the interest, or $6,160.

Accordingly, we affirm the judgment except insofar as it awards plaintiffs double the interest actually paid on the loan. The judgment is vacated insofar as it provides that plaintiffs recover $6,160, or twice the amount of usurious interest which they paid. *See Kessing* at 536, 180 S.E. 2d at 831. The cause is remanded for modification of the judgment to provide, instead, that plaintiffs recover the sum of $3,080, the amount of interest actually paid. *See id.*

Affirmed in part, vacated in part, and remanded.

Judges WELLS and COZORT concur.