STERLING COTTON MILLS, INC. AND ARCHER W. PHELPS AND
WIFE JANICE W. PHELPS v. LINWOOD H. VAUGHAN AND WIFE
SARAH J. VAUGHAN; AND THOMAS EMMITT DEBNAM AND
CHARLES WILLIAM LYLES

No. 749DC939

(Filed 5 March 1975)

1. Deeds § 20— restrictive covenants — nonconforming uses of lots — no change in character of community

The use of four of sixty-two lots subject to residential restrictive covenants for a snack bar, automobile repair shop, used car lot and fabric shop did not constitute such a radical or fundamental change in the character of the community as to warrant removal of the residential restrictions.

2. Deeds § 20— restrictive covenants — failure to object to nonconforming uses of lots

Failure of plaintiffs or other residents of a subdivision to object to the use of four lots in the subdivision for non-residential purposes did not constitute waiver, acquiescence or estoppel so as to deprive them of the protection of a covenant restricting use of the lots in the subdivision to residential purposes.

APPEAL by defendants from Banzet, Judge. Judgment entered 20 August 1974 in District Court, FRANKLIN County. Heard in the Court of Appeals on 23 January 1975.

The facts underlying this controversy are set out in a Stipulation of Facts agreed upon by the counsel for the plaintiffs and the counsel for the defendants and were incorporated by reference in the judgment of the trial court.

"STIPULATIONS OF FACTS

The parties hereto, through their respective attorneys of record, do hereby agree to the following stipulated facts:

(1) This action was instituted in the District Court of Franklin County on July 16, 1973, and thereafter the defendants filed an Answer to the Complaint on September 21, 1973.

(2) That the plaintiff, Sterling Cotton Mills, Inc. is a North Carolina corporation with its principal office and place of business in Franklinton, Franklin County, North Carolina, and the plaintiffs, Archer W. Phelps and wife, Janice W. Phelps, are natural persons residing in Franklinton, Franklin County, North Carolina.

(3) That the defendants, Linwood H. Vaughan and wife, Sarah J. Vaughan, and Thomas Emmitt Debnam and Charles William Lyles, are natural persons residing in Franklinton, Franklin County, North Carolina.

(4) That this civil action is being brought under the North Carolina Rules of Civil Procedure, Chapter 26 (sic), known as the Uniform Declaratory Judgment Act (G.S. 1-253-267, both inclusive), for that this action is based upon matters of law arising from certain facts the material parts of which are not in material controversy.

(5) That prior to 1955 and for many years, the plaintiff, Sterling Cotton Mills, Inc. owned a number of parcels of land in and around its mills in Franklinton, North Carolina, upon which it had constructed numerous residences which it rented to its employees and former employees.

(6) That during the year 1955, the said plaintiff, Sterling Cotton Mills, Inc. employed the services of William F. Freeman, Engineers to survey and plat a considerable number of lots upon which the aforesaid residences were constructed, and the said William F. Freeman prepared a plat of said lots or parcels of land, and said plat is duly of record in Plat Book 4 at Pages 8 and 9 of the office of the Register of Deeds of Franklin County.

(7) That the said plaintiff, Sterling Cotton Mills, Inc., caused the said survey to be made and plat of said survey prepared and recorded as aforesaid under a general plan which it had to sell said lots of land upon which said residences were constructed to the then occupants of said residences who were or had been employees of said plaintiff, and in the carrying out of said plan, executed and delivered approximately 62 deeds by reference to said plat and the various numbers on said plat which designated said lots and the residences thereon. That all of said deeds are of record in the office of the Register of Deeds of Franklin County in Deed Book 516 at Pages 645 to 700 both inclusive, Deed Book 224 at Pages 21 and 23 and Deed Book 625 at Pages 29 and 30 and all of said Deeds contain the following proviso: 'This conveyance is made subject to the express conditions that the above described lot or parcel of land shall be used for residential purposes exclusively.'

(8) That among the various deeds executed and delivered by the said plaintiff, Sterling Cotton Mills, Inc., was a deed to the defendants, Linwood H. Vaughan and wife, Sarah J. Vaughan, for a lot of land designated as Lot 62 on said plat lying on the corner of Bullock and Wilson Street in the Town of Franklinton, North Carolina, known as No. 201 Wilson Street; that this Deed is dated January 27th, 1956, and appears of record in the office of the Register of Deeds of Franklin County, and said deed conveying said lot or land to said defendants contain the above referred to condition and set forth in said deed in the identical language, to wit: 'This conveyance is made subject to the express condition that the above described lot or parcel of land shall be used for residential purposes exclusively'; that the defendants, Linwood H. Vaughan and wife, Sarah J. Vaughan, accepted delivery of said deed and paid the purchase price therefor with the full knowledge of the above referred to condition.

(9) That in the spring of 1973, the defendants Linwood H. Vaughan and wife, Sarah J. Vaughan, leased said premises to the defendants, Thomas Emmitt Debnam and Charles William Lyles who intend to use and are presently using said premises for the operation of a place of business known as 'Tar Heel Lounge'; that the defendants, Thomas Emmitt Debnam and Charles William Lyles have repainted the dwelling on said premises to a red color with black trim and have painted over the glass windows in black; that in furtherance of their intention to operate the said 'Tar Heel Lounge', the defendants, Thomas Emmitt Debnam and Charles William Lyles, have applied for a license to operate said Tar Heel Lounge in the Town of Franklinton and have applied to the North Carolina Board of Alcoholic Control for a beer license for the sale of beer on said premises, both of which licenses have been granted by the Town of Franklinton and the North Carolina Board of Alcoholic Control, respectively.

(10) That on February 10, 1956, the plaintiff, Sterling Cotton Mills, Inc., executed and delivered to the plaintiffs, Archer W. Phelps and wife, Janice W. Phelps, who were at the time and are now employees of said Sterling Cotton Mills, Inc., a deed for Lot 45 on said plat is of record in Plat Book 4 at Pages 8 and 9 of the office of the Register

of Deeds of Franklin County, and known as 204 Wilson Street, and by later conveyance, the said plaintiffs, Archer W. Phelps and wife, Janice W. Phelps, acquired Lot No. 44 on said plat known as 202 Wilson Street; that the said plaintiffs, Archer W. Phelps and wife, Janice W. Phelps, continued to occupy said lot No. 45 known as 204 Wilson Street as their residence and rent said Lot No. 44 known as 202 Wilson Street for residential purposes; that both lots Nos. 44 and 45 and known as 202 and 204 Wilson Street are directly across the street from No. 201 Wilson Street, the premises of the defendants, Linwood H. Vaughan and wife, Sarah J. Vaughan.

(11) That said Sterling Cotton Mills, Inc. in addition to the lots sold to its employees and former employees as hereinabove stated owned certain other lots or parcels of land in the same area which it retained for the use of its supervisory personnel and Sterling Cotton Mills, Inc. is still the owner of said lots or parcels of land; that one of said lots or parcels of land lying on the corner of North Carolina Highway No. 56 on Wilson Street in the Town of Franklinton is now occupied by the Superintendent of said Sterling Cotton Mills, Inc., operation in the Town of Franklinton; that said residence is within 200 feet from 201 Wilson Street owned as aforesaid by the defendants, Linwood H. Vaughan and wife, Sarah J. Vaughan.

(12) That the town of Franklinton owned the right of way along Wilson and Bullock Street upon the corner of which is located Lot 201 and owned by Linwood H. Vaughan and wife, Sarah J. Vaughan and in which the defendants, Thomas Emmitt Debnam and Charles William Lyles, operate the Tar Heel Lounge; that the right of way for the Town of Franklinton is 40 feet wide and the paved portion of said streets is 16-1/2 and 17 feet wide; that the building located on the lot known as 201 Wilson Street is located 28 feet from the paved portion of Bullock Street and 26 feet from the paved portion of Wilson Street; that the lot known as 201 Wilson Street has a frontage of 81.4 feet on Wilson Street and a frontage of 79.6 feet on Bullock Street.

(13) That prior to 1956, the mother of the defendant, Linwood H. Vaughan, operated a snack bar in the house located on the lot known as 201 Wilson Street; that said snack bar was operated for several years prior to 1956, and

up until January 13, 1960; that on January 13, 1960, the defendant, Linwood H. Vaughan, obtained a license from the State of North Carolina to operate 'Vaughan's Snack Bar' at 201 Wilson Street in the Town of Franklinton; that the defendant, Linwood H. Vaughan, operated Vaughan's Snack Bar from the 13th day of January, 1960, until the 31st day of May, 1973; that said snack bar was operated continuously during said period of time and the defendant sold sandwiches, soft drinks, and tobacco products and operated a 'slot music machine' within said snack bar during said period of time; that in 1966, the defendant applied for and obtained from the State of North Carolina and the Town of Franklinton, a permit to sell beer and wine from Vaughan's Snack Bar at 201 Wilson Street, Franklinton, North Carolina, and the defendant, Linwood H. Vaughan, sold beer and wine from said premises from May 31, 1966, to May 31, 1973; that the defendant, Linwood H. Vaughan, operated said snack bar 7 days a week from approximately 8:00 o'clock a.m. to approximately 9:30 to 10:00 o'clock p.m. each day.

(14) That in 1956, at the time the defendant, Linwood H. Vaughan and wife, Sarah J. Vaughan acquired title to the property known as 201 Wilson Street, the building located on said lot was constructed for use as a dwelling house; that in 1960, the defendant, Vaughan, changed the appearance of said dwelling house adding a front portion to said building and a porch and canopy around the West and North side of said building and painted signs on said building advertising food, soft drinks, and other items sold from a snack bar; that a picture of Vaughan's Snack Bar as it appeared after said renovation is attached hereto marked 'Exhibit A'; that the only difference made in the appearance of the premises known as 201 Wilson Street by the defendants, Debnam and Lyles, is that the defendants, Debnam and Lyles, painted the building a dark red with black trim, that a picture of said building as the same presently exists is attached hereto and marked 'Exhibit B'.

(15) That at the time of the filing of this action, James Perry operated an automobile garage and repair shop on one of the lots sold by the plaintiff, Sterling Cotton Mills, Inc., and which deed carries the same restriction as the deed conveying Lot 201 Wilson Street to the defendants,

Vaughan; that said automobile garage has been operated by the said James Perry for several years prior to the institution of this action; that at the time this action was filed in the District Court of Franklin County, Tom Allen sold used cars from a lot which he owns on Wilson Street and located three lots South of the defendants Vaughan property; that the deed conveying the said lot to the said Tom Allen from Sterling Cotton Mills, Inc. contains the same restriction concerning residential property as the deed to the defendant Vaughan; that Pete Kearney operated a fabric shop on a lot conveyed to the said Pete Kearney contained the same restrictions with respect to residential property as the deed conveying 201 Wilson Street to the Vaughans; that since the institution of this action, the said fabric shop operated by Pete Kearney has been closed and since the institution of this action, the cars have been moved off of the lot now owned by the said Tom Allen.

(16)  That since 1960, the defendant, Linwood H. Vaughan, has applied for and obtained numerous licenses from the State of North Carolina and from the Town of Franklinton authorizing him to operate a snack bar and sell sandwiches, short food orders, soft drinks, beer, wine, tobacco and other items from his premises known as 201 Wilson Street.

(17)  That prior to closing Vaughan's Snack Bar on May 31, 1973, the defendant, Vaughan, sold groceries, hamburgers, hot dogs, beer and kerosene from the premises known as 201 Wilson Street; that the defendants, Debnam and Lyles, leased the premises known as 201 Wilson Street from the defendant, Vaughan, effective June 1, 1973, and thereafter, applied for a license to sell beer; that the State of North Carolina granted the defendants, Debnam and Lyles, a beer license in July of 1973, 7 days after the Complaint in this action was filed; that with the exception of groceries and kerosene, the defendants, Debnam and Lyles, are selling basically the same items as was previously sold by the defendant, Vaughan; that the defendant, Vaughan, operated Vaughan's Snack Bar between the hours of eight o'clock a.m. and ten o'clock p.m. and the defendants, Debnam and Lyles, operate the 'Tar Heel Lounge' from around seven o'clock p.m. to eleven to eleven-thirty p.m. five days a week and until approximately one o'clock a.m. on Friday and Saturday.

(18) It is further agreed between the parties hereto that the defendants may introduce into evidence without objection a color photograph of Vaughan's Snack Bar as the same appeared while being operated by the defendant, Vaughan, together with various and sundry licenses issued by the Town of Franklinton, the County of Franklin and the State of North Carolina to Vaughan's Snack Bar covering such items as beer, tobacco products, etc.

The foregoing Stipulation of Facts is agreed upon by each of the parties hereto.

This the 15th day of February, 1974.

ROYSTER AND ROYSTER
By: s/ T. S. Royster
Attorneys for Plaintiff

DAVIS, STURGES & TOMLINSON
By: s/ Charles M. Davis
Attorneys for the Defendants"

The trial court entered the following judgment:

"JUDGMENT (Filed August 26, 1974)

THIS CAUSE coming on to be heard before the undersigned, Chief District Judge of the Ninth Judicial District of North Carolina upon the Stipulation of Facts agreed upon by. Attorneys representing the Plaintiffs and the Defendants, which Stipulation of Facts has been duly filed and forms a part of the Court Record in this action, and incorporated herein by reference, a copy of which is hereto attached and made a part of this judgment, the Court makes the following Conclusions of Law:

CONCLUSIONS OF LAW

1. That this action was properly brought under the North Carolina Rules of Civil Procedure, Chapter 26 (sic), known as the Uniform Declaratory Judgment Act (G.S. 1-253-367 both inclusive).

2. That all of the parties to this action are properly before the Court and are all represented herein by counsel.

3. That the restricted covenants for residential use only contained in all of the sixty-two deeds from Sterling

Cotton Mills v. Vaughan

Cotton Mills (Stipulation of Facts # (7) and (8)) are reasonable in character and duration and not contrary to public policy.

4. That the character of the neighborhood or the subdivision as a whole has not changed so substantially as to render its use exclusively for residential purposes impractical.

5. That the plaintiffs, Archer W. Phelps and wife, Janice W. Phelps, the owners of two lots in said subdivision, (Lots #44 & 45, 202 & 204, Wilson Street) may enforce the covenant restricting the neighborhood and the subdivision to residential use exclusively.

6. That the plaintiff, Sterling Cotton Mills, Inc., the owner of certain parcels of land retained by it in the area of the subdivision may enforce the covenant restricting the neighborhood and the subdivision to residential use exclusively.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the defendants, Linwood H. Vaughan and wife, Sarah J. Vaughan and anyone claiming by, through or under them are hereby ordered to make no use of the lot they own in the Sterling Cotton Mills, Inc. subdivision and known as Lot #62, 201 Wilson Street, Franklinton, N. C., shown as Lot #62 on the map of the lots of Sterling Cotton Mill of record in Plat Book #4, at pages 8 and 9 in the office of the Register of Deeds of Franklin County, for other than residential purpose.

2. That plaintiff recover of the defendants their costs of this action to be taxed.

This Aug. 20, 1974.

> s/ JULIUS BANZET
> Chief District Judge of the
> Ninth Judicial District"

*Royster & Royster, by T. S. Royster, for plaintiff appellees.*

*Aubrey S. Tomlinson, Jr., for defendant appellants.*

MARTIN, Judge.

The defendants' only exception is to the signing of the judgment for that the conclusions of law are not supported by the facts.

Defendants first contend that conditions within the area have been materially altered so as to change the character and environment of the neighborhood.

"When persons desiring to become home owners purchase property in a subdivision protected by certain desirable restrictive covenants, the security of such covenants ought not to be destroyed by slight departures from the original plan, and valid restrictions appearing in all the deeds for lots in such subdivision should not be eliminated and wiped out because of immaterial violations of such restrictions . . . . 'However, it is equally true that if the character of the community has been changed by . . . causes resulting in a substantial subversion or fundamental change in the essential character of the property, then, in such cases, equity will not rigidly enforce the restriction.' " *McLeskey v. Heinlein*, 200 N.C. 290, 156 S.E. 489 (1931).

"It is generally held that the encroachment of business and changes due thereto, *in order to undo the force and vitality of the restrictions, must take place within the covenanted area.*" *Tull v. Doctors Building, Inc.*, 255 N.C. 23, 120 S.E. 2d 817 (1961) (quoting *Brenizer v. Stephens*, 220 N.C. 395, 17 S.E. 2d 471).

Doubtless, the use of such dwellings for the purposes described were violative of the restrictions imposed thereon. However, not every violation of a restrictive agreement entitles an aggrieved party to equitable relief. Each case depends on its own circumstances. "The Court said in *Rombauer v. Compton Heights Christian Church*, 328 Mo. 1, 40 S.W. 2d 545, 553: 'No hard and fast rule can be laid down as to when changed conditions have defeated the purpose of restrictions, but it can be safely asserted the changes must be so radical as practically to destroy the essential objects and purposes of the agreement.' " *Tull v. Doctors Building, Inc., supra.*

[1] We are of the opinion, and so hold, that the evidence does not show that the aforementioned use of the four lots is such a radical or fundamental change or substantial subversion as practically to destroy the essential objects and purposes of the

restrictive agreement as to warrant the removal of the residential restrictions.

Defendants next argue that the plaintiffs have acquiesced in the operation of the business operated by the defendant Vaughan and are now estopped to complain.

"Nor should a property owner be held to have waived his rights and to have abandoned the protection conferred upon him by such covenants by reason of disconnected and immaterial violations of the restrictions in the conveyances. This idea is expressed in *Ward v. Prospect Manor Corp.,* 188 Wis., 534, 206 N.W., 856: 'It is now generally recognized by the overwhelming weight of authority in this country that an individual lot owner is not under penalty of waiving his right to the enforcement of a restrictive covenant by his failure to take notice of such violations as do not affect him.' " *Starkey v. Gardner,* 194 N.C. 74, 138 S.E. 408 (1927).

[2] The fact that four residences were used for nonresidential purposes and not objected to by plaintiffs or other residents of the subdivision should not, in equity, be held to have estopped plaintiffs from asserting their rights against the subsequent substantial violation by the defendants. In consideration of all the evidence, we hold that the failure of the plaintiffs or other residents of the subdivision to object to the aforementioned uses for non-residential purposes does not constitute waiver or acquiescence or estoppel so as to deprive them of protection of said restrictive covenant.

We have taken into account the hardship to defendants resulting from enforcement of the restrictive covenant, nevertheless, it is our opinion that the trial court's conclusions of law were supported by the facts as stipulated.

Affirmed.

Judges VAUGHN and ARNOLD concur.