ODELL WILLIAMSON AND WIFE, VIRGINIA WILLIAMSON v. J. MILLER POPE, JR. AND WIFE, HELEN OTIS POPE, D/B/A WINDS STORE

No. 8213DC128

(Filed 1 February 1983)

**1. Deeds § 19.5— enforcement of restrictive covenant—no laches**

Plaintiffs were not barred by laches from enforcing a residential restrictive covenant, even if defendants built a convenience store on their lot in 1978, where the male plaintiff requested the defendants to cease operations of the store when he first found out about the store, defendants told him that the store was only for their motel guests and not for the general public, and plaintiffs began proceedings to enforce the restrictive covenant when they learned that the store was open to the general public.

**2. Deeds § 19.5— residential restrictive covenant—acquiescence in use of proper-
ty for motel—right to enforce against convenience store**

   Plaintiffs' waiver of any right to object to a motel on property subject to
a residential restrictive covenant did not waive their right to enforce the cove-
nant against a convenience store, which is a much more radical departure from
the permitted use.

**3. Deeds § 19.6— residential restrictive covenant—no waiver of right to enforce**

   A residential restrictive covenant in defendants' deed could not be waived
because plaintiff developers leased some property in the development to a
town for a water tower and conveyed an unrestricted lot.

**4. Deeds § 19.6— residential restrictive covenant—no fundamental change in
neighborhood**

   There was no substantial, radical and fundamental change in a develop-
ment so as to render a residential restrictive covenant unenforceable against
the operation of a convenience store on property in the development.

APPEAL by defendants from *Wood, Judge.* Judgment entered
6 November 1981 in District Court, BRUNSWICK County. Heard in
the Court of Appeals 18 November 1982.

Plaintiffs brought this action to enforce a restrictive cove-
nant which, they alleged, was breached by defendants.

Plaintiffs' and defendants' pleadings, depositions, and af-
fidavits contained the following. Plaintiffs, who originally owned
ninety percent of Ocean Isle, subdivided the island into four sec-
tions: A, B, C, and D. Plaintiff, Odell Williamson, sold lots in each
section, the lots were subject to restrictive covenants limiting the
use to residential purposes with certain allowances for commer-
cial development in limited areas. The restrictive covenants were
included in the deeds for each lot.

Plaintiffs alleged that defendants, who have owned a motel
on Ocean Isle since 1973, breached the covenant by building a con-
venience store. Defendants' store sells groceries, beachware, and
other items to the public. Plaintiffs requested a permanent injunc-
tion, prohibiting defendants from operating the store in violation
of the restrictive covenant.

Defendants admitted they built a store on their property, but
alleged that plaintiffs could not enforce the restrictive covenant
because plaintiffs acquiesced in numerous violations of the cove-
nant and were estopped from enforcing it. Defendants also
alleged that the restrictive covenant was no longer in effect be-

cause "there has been such a substantial and radical change in the character of the property surrounding defendants' property from a residential to a commercial character that enforcement of the restrictions would be inequitable to the defendants and all other property owners similarly situated within the subdivision."

Defendants also contended that there has never been a general plan or scheme in Ocean Isle Beach, and alleged that there were several blocks which were changed from residential to industrial. Defendants asserted the affirmative defense of laches, claiming plaintiffs were barred from enforcing the covenant because defendants have operated a store, in violation of the restrictive covenant, since 1974.

In his affidavit and deposition, plaintiff, Odell Williamson, said that all of the beach is residential, the major exception is a T-shaped area in the entryway to the beach in section C, which is one and a half miles from defendants' store. Plaintiff said that there are several blocks in section A which are commercial and two blocks with no residential restrictions, which are undeveloped. According to plaintiff, defendants originally sold items from their motel office to their motel guests in 1977, and did not build their store until 1979. He said that when he first learned of the store, he asked defendants to cease their operation and was told that the store was only for the motel guests. When he found out that it was for the general public, he sought an injunction to enforce the restrictive covenant.

Plaintiffs and defendants moved for summary judgment. The trial judge granted plaintiffs' motion.

*Walton, Fairley and Jess, by Elva L. Jess, for plaintiff appellees.*

*Frink, Foy and Gainey, by Henry G. Foy, for defendant appellants.*

VAUGHN, Chief Judge.

[1] Defendants assign as error the trial judge's grant of plaintiffs' motion for summary judgment. Summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Defendants' first argument is that summary judgment was improperly granted because there is an issue as to several material facts. An issue is material if the facts alleged constitute a legal defense, or affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Defendants claim that the year they began to operate their store is at issue. Plaintiff, Odell Williamson, said, in his affidavit, that defendants began to operate the store "sometime in 1979." Defendant Pope said, in his deposition, that they began to operate the store in 1978 or 1979. This is not a material fact in issue. It does not constitute a defense, or affect the result of the action. Even if the store was built in 1978, it would not support defendant's arguments, including his argument that plaintiffs are barred by laches. Laches is an affirmative defense. It must be pleaded, and the burden of proof is on the party who asserts the defense. *Taylor v. City of Raleigh*, 290 N.C. 608, 227 S.E. 2d 576 (1976).

> In equity, where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim, the doctrine of laches will be applied. Hence, what delay will constitute laches depends on the facts and circumstances of each case. Whenever the delay is mere neglect to seek a known remedy or to assert a known right, which the defendant has denied, and is without reasonable excuse, the courts are strongly inclined to treat it as fatal to the plaintiff's remedy in equity, even though much less than the statutory period of limitations, if an injury would otherwise be done to the defendant by reason of the plaintiff's delay.

*Teachey v. Gurley*, 214 N.C. 288, 294, 199 S.E. 83, 88 (1938).

In this case, plaintiff Odell Williamson's uncontradicted testimony is that when he first found out about the store he requested defendants to cease operations, and they told him the store was only for their guests and not for the general public. When he learned that the store was open to the general public, he began proceedings to enforce the restrictive covenants. Clearly,

any delay in plaintiff's action was not due to neglect. Moreover, defendants do not contend that the store was not opened in 1979, they merely say that they are not sure whether it was 1978 or 1979. This is not a material fact in issue.

The second fact which defendants contend is at issue is a contradiction in plaintiff's testimony as to which areas are residential and which are commercial. Plaintiff, however, did not contradict himself. In his affidavit, he said that all the property on the beach is residential, but the "major exception" is the T-shaped area in the entrance to the beach in section C which is commercially developed. In his deposition, he said there are two blocks, 54 and 55, in section A which are unrestricted, but undeveloped. Section A also has a section of thirteen blocks designated as commercial property. This is also not a material issue of fact.

[2] Defendants' next argument is that the trial judge erred in granting plaintiffs' motion for summary judgment as a matter of law. Defendants contend that they have operated a motel, which is a commercial enterprise, since 1972, and a store (inside the motel) since 1977, so plaintiffs have acquiesced in the violation of the restrictive covenant and are barred from enforcing it. A similar issue was addressed in *Sterling Cotton Mills, Inc. v. Vaughan,* 24 N.C. App. 696, 212 S.E. 2d 199 (1975). In that case, a subdivision of sixty-two lots was subject to residential restrictive covenants. Four of the lots were, in fact, used for commercial purposes: a snack bar, a car repair shop, a used car lot, and a fabric shop. Defendant's mother had operated the snack bar on his lot, number 201, prior to 1956. Defendant began operating the snack bar in 1960, and continued until 1973. The snack bar sold sandwiches, soft drinks, cigarettes, groceries, hamburgers, hot dogs, beer, wine, and kerosene. In 1973, defendants converted the building to the "Tar Heel Lounge," painted it dark red with black trim, painted the windows black, and sold beer for consumption on the premises. Plaintiffs brought a declaratory judgment action to enforce the restrictive covenant. The trial court held that plaintiffs could enforce the covenant to restrict the neighborhood to residential use only and ordered defendants to cease using their property for other than residential purposes. In affirming the trial court, this Court disagreed with defendant's argument that the plaintiffs acquiesced in defendant's business operations, holding that a property owner has not waived his rights to en-

force restrictive covenants by his failure to take notice of violations which do not affect him.

In this case, defendants have made a more drastic change in the use of the property than in *Sterling Cotton Mills.* Defendants' motel, which rented units by the night, week, or month, although commercial, was somewhat residential in nature, but their convenience store was obviously a breach of the residential restrictive covenant. Plaintiffs' waiver of any right to object to the motel did not waive their right to enforce the covenant against the store, a much more radical departure from the permitted use.

[3, 4] Defendant also argues that plaintiffs have waived the residential restrictive covenant and cannot enforce it because they violated it themselves by leasing some property to the Town of Ocean Isle Beach for a water tower, and by conveying an unrestricted lot. We do not agree. The restrictive covenant was in defendants' deed and could not be waived because of plaintiffs' conveyances of other property to third parties. In determining whether the residential restrictive covenant is abandoned and unenforceable, the crucial factor is whether the character of the surrounding area has changed. In this case, even when viewed in the light most favorable to defendants, the lots which are not residential are a very small percentage of the entire property. Out of a total of about sixty-nine blocks, eleven full blocks and two half blocks in section A are used for commercial purposes. Two other blocks are not restricted, but are undeveloped. Eight blocks in section C are commercial. No blocks in sections B or D are zoned commercial. The main commercial area, in section C, is in the entrance to the island in a small section of the beach, about one and a half miles from defendants' property. In general, restrictive covenants are unenforceable only if there is a substantial, radical, and fundamental change in the development protected by the restrictive covenants. *Starkey v. Gardner,* 194 N.C. 74, 138 S.E. 408 (1927). Our Supreme Court quoted with approval from *Rombauer v. Compton Heights Christian Church,* 328 Mo. 1, 40 S.W. 2d 545: "No hard and fast rule can be laid down as to when changed conditions have defeated the purpose of restrictions, but it can be safely asserted the changes must be so radical as practically to destroy the essential objects and purposes of the agreement." *Tull v. Doctors Building, Inc.,* 255 N.C. 23, 39, 120 S.E. 2d 817, 828 (1961); *accord, Sterling Cotton Mills v. Vaughan,*

24 N.C. App. 696, 212 S.E. 2d 199 (1975). In this case, it is clear that only a small fraction of the property is used commercially, the character of the development is almost completely residential. There has not been a substantial, radical and fundamental change, and the restrictive covenant remains enforceable so as to prohibit the operation of the store. Since there is no issue as to any material fact and plaintiffs are entitled to judgment as a matter of law, the trial court was correct in entering summary judgment for the plaintiffs.

Affirmed.

Judges WELLS and WHICHARD concur.