**Floyd L. CROWDER, individually and doing business as Crowder & Son,**
**Plaintiff,**

**v.**

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 8762.**

United States District Court
N. D. California, N. D.

Oct. 23, 1964.

Cecil F. Poole, U. S. Atty., Rothwell B. Mason, Asst. U. S. Atty., for defendant United States.

Richard A. Case, Sacramento, Cal., for plaintiff.

MacBRIDE, District Judge.

This is a civil action brought against the United States and based upon a contract. This Court has jurisdiction under 28 U.S.C. § 1346(a) (2). The case is presently before the Court on the motion of the Government for summary judgment, Rule 56 Fed.Rules Civ.Proc.

Plaintiff is seeking damages for work he claims he was ordered to perform pursuant to the terms of a contract containing no specifications for the said work. The contract dealt with the painting and reglazing of certain buildings located at McClellan Air Force Base, California. Plaintiff claims that although the contract made no provision for the painting and reglazing of building designated by him as building 475F [1] he was, nevertheless, required to paint and reglaze building 475F and that the Government has refused to pay the contract price for the work and materials expended and placed by him in and upon the building. He claims to be damaged in an amount equal to the contract price for the work and materials furnished to building 475F. The problem presented to the Court is solely one of interpretation of the contract.

The contract includes by reference the Government's Standard Form 23-A, General Provisions, which provides for the settlement of disputes through submission to the Contracting Officer and then by appeal to the head of the agency involved, in this instance the Armed Services Board of Contract Appeals. Both procedures were pursued by the plaintiff, each resulting in a decision for the defendant United States.

The Government has proceeded on the assumption that the determination made by the Board of Contract Appeals was one involving a question of fact, and they rely on the provisions of the Wunderlich Act (41 U.S.C. §§ 321, 322) and cases decided pursuant thereto. The Act provides in substance that unless the findings of fact determined at the administrative level are fraudulent, capricious or arbitrary, the Court here is bound thereby.

■■ This Court does not agree with the contention that the problem herein presented is one of fact. The interpretation of a contract is a question of law. Allied Paint and Color Works, Inc. v. United States, 309 F.2d 133 (2d Cir. 1962), and regardless of any legal conclusions reached by the Administrative Board below this Court is free to make its own determination on all questions of law. Kayfield Construction Corp. v. United States, 278 F.2d 217 (2d Cir. 1960).

■ When considering a motion for summary judgment the Court will decide all questions of law involving no substantial questions of fact even though they are different from those presented in the motion (Board of National Missions of Presbyterian Church in United States v. Smith, 182 F.2d 362 (7th Cir. 1950)), and regardless of their complexity. Palmer v. Chamberlain, 191 F.2d 532, 27 A.L.R.2d 416 (5th Cir. 1951).

As previously stated, plaintiff alleges that he has performed work in excess of that required by the contract. The complaint asserts numerous times that plaintiff was required by the Government to perform work on building "475F," and that this building was not designated "as such" either in the contract or the specifications. The Court, in taking notice of the opinion rendered by the Armed Services Board of Contract Appeals, observes that the Board was unable to make a finding that plaintiff was required to perform work on building 475F. Instead the Board found that what plaintiff referred to as building 475F was in fact building 475 and that the contract was plain on its face in its requirement that plaintiff perform work on said building 475. In looking to the contract itself the

---

1. For identification of the composite building involved, which is building 475, the contract and specifications divided the building into sections which are referred to as buildings 475 and 475A through 475E, inclusive.

Court notices, as did the plaintiff and the Board, that it makes no reference whatever to building 475F.

The contract is quite long and involved, but all of the sections which are pertinent to the question now before the Court were set out succinctly by the Armed Services Board of Contract Appeals in their opinion. The contract is quite free from ambiguity and the Court will, therefore, mention only a few of the more relevant provisions.

Paragraph T1-03, Project Requirements, sub-paragraph j, provides:

"Project SMA–112–2:

Building 475: Whip sandblast all concrete surfaces prior to repainting; paint entire exterior surfaces including metal dust collectors, ducts and other metal work except cement asbestos shingle siding; roof ventilators where shown on drawings are to be painted;

replace in kind broken window panes; re-putty window panes as necessary, replace in kind damaged cement asbestos shingles. In building 475E, which is a portion of building 475, replace 19 space heaters, valves, strainers, traps and fillings as shown on drawings."

Building 475 is well defined by Sheet #2 of the drawings, which is a part of Schedule "B" of the contract. Sheet #2 is entitled "Building Location Plan", building 475 being designated thereon.

The above is not ambiguous, but if any doubt remains, it is completely removed by reference to Sheet #4 of Schedule "B" of the contract. On Sheet #4 is found an irregular outline designated, "Roof Building 475." A large section of the sketch is labeled "475." Other smaller and adjacent areas are labeled, "475A," through "475E." On the same sheet is a list of what is to be done by the contractor. In part it is as follows:

| "Proj. No. | Bldg. No. ************* | Room or Area |
|---|---|---|
| 112–2 | 475 | Complete Exterior of Bldgs. 475, 475A, 475 B, 475C, 475D & 475 E" |

---

Finally, in Section 1 of the specifications, entitled Project Provisions, at paragraph P-03, subparagraph b, it is stated:

"The specifications and drawings which form a part of this contract are integral. Work shown on one, although not shown on the other, shall be executed as though shown on both. Should specifications and drawings conflict the specifications shall govern. Any doubt that may arise as to the intent and purpose of the specifications and drawings, shall be referred to the Contracting Officer."

█ The quoted specifications and drawings relating to the work in question are not in conflict nor are they ambiguous. The Court is not required to look outside the contract for an identification of building 475. It is clearly shown on the drawings which are a part of the contract. Plaintiff's claim that he was not bound by any term in the contract to perform work upon a building designated "475F" is clearly correct. It is equally obvious that by the plain and clear words of the contract he was bound to perform the work he actually did perform on building 475, for which work he now seeks damages in excess of the contract price.

It is, therefore, ordered that defendant's motion for summary judgment be, and the same is hereby, granted.