GENERAL RAILWAY SIGNAL
COMPANY, Plaintiff,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, Defendant.

Civ. A. No. 77–657.

United States District Court,
District of Columbia.

Nov. 13, 1979.

Stephen Kurzman, Nixon, Hargrave, Devans & Doyle, Washington, D. C., for plaintiff.

Lewis J. Baker, Asst. Atty. Gen., Leonard Petkoff, Washington, D. C., for defendant.

JOHN LEWIS SMITH, Jr., District Judge.

## OPINION

Plaintiff, General Railway Signal Company (GRS), brings this action to set aside the

administrative determination of defendant, Washington Metropolitan Area Transit Authority (WMATA), that the Contracting Officer had not taken an unreasonable amount of time in processing GRS's two claims for extra work required by changes that WMATA ordered in its original contract. GRS filed its first request for payment of the double break circuitry claim on August 14, 1972, and completed the double break circuitry work in August of 1973. It filed its first request for payment of the call-on circuitry claim on July 14, 1972, and completed this work in December of 1973. The Corps of Engineers Board of Contract Appeals (Board) upheld these claims on August 30, 1976 and WMATA paid GRS on January 17, 1977. By Order of August 5, 1977, subsequently modified on March 28, 1978, this Court directed WMATA to pay plaintiff interest on the amount of the claims if upon remand to WMATA the claims processing period was found unreasonably lengthy. GRS demands interest from August 20 and December 13, 1973 to January 17, 1977, the first dates after the completion of each project on which GRS requested payment from WMATA, in the amount of $31,888.56, plus interest on that amount from January 17, 1977, to present.

Upon remand, WMATA's General Manager forwarded this matter to the Appeals Board for hearing and advisory opinion. The Board held an adversary hearing, took evidence, and considered briefs from both parties. The unanimous view of the Board was that

the time taken for consideration of the claim at the Resident Engineer and Contracting Officer level, while not unusual, especially in view of appellant's lack of assertive action pressing for an early decision, was much too long when all of the circumstances are considered. For that reason the question posed by the District Court must be answered in the affirmative. There was too much delay in processing the claims from which the appeals arose. *General Railway Signal Co.*, Eng BCA 3560, 3638, 79–1 BCA ¶ 13,622. (Opinion of Administrative Judge Jellico).

Although the General Manager adopted the Board's findings of fact, he nevertheless decided that the Board's conclusion was contrary to applicable law. He therefore announced that the Contracting Officer had not taken an unreasonable amount of time and denied the award of interest. The case is before the Court on cross motions for summary judgment.

The Court finds as follows:

1. The defendant determined that upon remand this Court had set forth an erroneous standard when it ordered WMATA to determine whether or not the appeals process has been unreasonably lengthy. The proper standard, defendant argues, is set forth in *John J. Wilson, Inc. v. Granite-Groves*, No. 78–1498 (D.D.C. December 12, 1978), in which the Court asks whether an administrative remedy is inadequate or futile, not whether it is unreasonably lengthy.

Defendant rightly observes that the proper standard for this Court's review of administrative decisions depends upon whether the question presented concerns an issue of law or of fact. An administrative decision concerning a question of law does not carry the presumption of finality accorded a decision of a question of fact, and may be decided by the Court itself. 41 U.S.C. § 322. *See, e.g., Crowder v. U. S.*, 255 F.Supp. 873 (D.C.Cal.1964), *affirmed* 362 F.2d 1011 (9th Cir. 1966). As a question of law, the Court today rules that its Order of August 5, 1977, established the proper standard for the remand and the appropriate question was whether or not the appeals period had been unreasonably lengthy.

In reviewing the determination of the agency that the period of review was not unreasonably lengthy, to the extent that this is a question of fact, the Court may set aside this finding if it is "capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence." 41 U.S.C. § 321. Upon the record before it, including the transcript of the December 18, 1978, hearing of the Board, the briefs thereafter submitted by both parties, and the memo-

randa in support of the cross motions for summary judgment, the Court finds that WMATA's determination that the delay was not unreasonably lengthy is not supported by substantial evidence. The Court of Claims has paraphrased this standard in *Marley v. U. S.*, 423 F.2d 324, 191 Ct.Cl. 205 (1970), saying that

> [w]here, as here, the claim is that the evidence did not support the finding, the court does not reweigh the evidence to determine whether it is in agreement with the findings of the Board [in the case at bar, WMATA]. The inquiry is directed to whether on the disputed facts the Board had substantial evidence to support its determinations. Plaintiff has the burden of showing that no such evidence is in the record, or that the evidence contrary to the Board's findings is either overwhelming in itself or so detracts from the evidence in support of the Board's findings as to render it less than substantial on the record as a whole.

Here, the contrary evidence so detracts from the evidence given in support of WMATA's conclusion as to render it less than substantial considering the entire record. The Court, in other words, reaches the same conclusion as did the Board in its unanimous decision that the delay was unreasonably lengthy.

■ 2. The Court must next determine the period of time for which interest should be awarded. This Court, in its Memorandum Opinion of August 5, 1977, found that this case involves an implied action for breach of contract and that the applicable statute for determining the award of interest is D.C.Code § 15–109 *. Adhering to the rule of case doctrine, the Court will apply § 15–109, which permits a discretionary award of interest fully to compensate the government contractor. In the instant case, the Court finds that the plaintiff will be made whole if interest is awarded from the time, after completion of the work, when the plaintiff first requested payment

until defendant made final payment, plus interest in the statutory amount on the sum of the foregoing interest from the time of final payment, January 17, 1977, until paid.

■ 3. Defendant argues that this Court has *sua sponte* characterized this action as one based on an implied breach of contract and in so doing has deprived defendant of the opportunity to put forward a defense based on the statute of limitations. This argument fails to realize, however, that the Court has characterized this action as an implied breach of contract action for purposes of fashioning appropriate relief. Moreover, in an action properly before an appeals body, "the statute of limitations for the institution of suit thereon cannot commence to run until final board action occurs." *Conn v. United States*, 366 F.2d 1019, 1021, 177 Ct.Cl. 319 (1966). This contract dispute, concerning the right of plaintiff to full compensation for the cost of labor and materials expended to complete changes and extra work that defendant WMATA ordered, was properly before the Board. The statute was therefore tolled during the period of the Board's deliberations and this action, commenced on April 14, 1977, is accordingly timely.

---

* It is proper to look to the D.C.Code, for the WMATA Compact itself provides that "[t]he Authority shall be liable for its contracts ... in

accordance with the law of the applicable signatory...." 1 D.C.Code § 1431 note ¶ 80 (1973).