**EXPRESSWAY CONSTRUCTION, INC., Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 87–2388.**

United States District Court, District of Columbia.

Dec. 23, 1987.

Leonard A. White, Bethesda, Md., and John P. Calvert, Chevy Chase, Md., for plaintiff.

Sara E. Lister, Gen. Counsel, Robert L. Polk, Deputy Gen. Counsel, Thomas B. Dorrier, Assoc. Gen. Counsel, and Frank R. Filiatreau, Jr., Asst. Gen. Counsel, Washington Metropolitan Area Transit Authority, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

Presently before the Court is the issue of the scope of review which governs the Court in considering this contract dispute. Plaintiff claims that this Court should hear this case on *de novo* review. Defendant counters that the Court's scope of review is limited to the administrative record. The Court ordered the parties to submit briefs on the issue of the scope of review. In consideration of the briefs, oral argument of counsel at the hearing held on the matter, and the entire record of the case, and in accordance with the bench opinion rendered by the Court, the Court determines that the scope of review is limited to the administrative record.

## DISCUSSION

This case involves a dispute over a contract into which the parties entered whereby plaintiff, the contractor, as part of its services was to excavate earth in connection with the construction of the Grosvenor station portion of defendant's rapid rail transit system. The dispute concerns the appropriate calculation of reimbursement for the excavation work. Plaintiff pursued its administrative remedies pursuant to the disputes clause of the contract.[1] Specifically, after the contracting officer denied plaintiff's claims for payment in July, 1979, plaintiff appealed the decision to the Corps of Engineers Board of Contract Appeal ("Eng. BCA"). The Eng. BCA conducted a *de novo* adversary hearing on November 21–22, 1983. The Eng. BCA rendered an advisory opinion on July 14, 1986, finding in favor of defendant. The defendant's general manager adopted the advisory opinion of the Eng. BCA and issued a final decision denying the appeals. Plaintiff then filed suit on August 28, 1987.

The Wunderlich Act, 41 U.S.C. § 321, provides that any administrative "decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence." This disputes clause governs federal government contracts. The United States Supreme Court determined that "apart from questions of fraud, determination of the finality to be attached to a departmental decision on a question arising under a 'disputes' clause must rest solely on consideration of the record before the department." *United States v. Carlo Bianchi and Company,* 373 U.S. 709, 714, 83 S.Ct. 1409, 1413, 10 L.Ed.2d 652 (1963). While the Wunderlich Act does not govern the Washington Metropolitan Area Transit Authority ("WMATA"), WMATA's disputes clause tracks the language of the Act. Accordingly, a number of courts in this jurisdiction have utilized the Wunderlich principles as guidance. *See General Railway Signal Company v. WMATA,* 527 F.Supp. 359, 360 (D.D.C.), *aff'd,* 664 F.2d 296 (D.C.Cir.1980), *cert. denied,* 452 U.S. 915, 101 S.Ct. 3049, 69 L.Ed.2d 418 (1981); *Granite–Groves v. WMATA,* No. 86–1079, mem. op. (D.D.C. June 17, 1987) [Available on WESTLAW, 1987 WL 13137], *appeal docketed,* No. 87–7148 (D.C.Cir. argument scheduled February 26, 1988); *Norair Engineering Corp. v. WMATA,* No. 97–830 (D.D.C. October 23, 1979); *Square Construction Company v.*

---

**1.** The disputes clause provides, in pertinent part, that the administrative decision "(a) ... shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith or is not supported by substantial evidence

... (b) This disputes article does not preclude consideration of questions of law in connection with decisions provided for in paragraph a above. Nothing in the Contract, however, shall be construed as making final the decisions of the Board of Directors or its representative on a question of law."

*WMATA*, No. 86–979 (D.D.C. June 21, 1977), *aff'd*, (D.C.Cir. April 28, 1978). Under the Wunderlich standard, "plaintiff bears the burden of showing that the decision below is (1) erroneous as a matter of law or (2) based on findings of fact which are fraudulent, capricious, arbitrary, so grossly erroneous as necessarily to imply bad faith or not supported by substantial evidence on the record as a whole." *Granite–Groves v. WMATA*, at Westlaw p. 5. The Court finds the case law in this circuit to be the correct interpretation of the scope of review when addressing a contract dispute raised under WMATA's disputes clause. Accordingly, in consideration of the parties' briefs, the arguments of counsel, and the case law in this district, it is this 22nd day of December, 1987,

ORDERED that the Court's scope of review is limited to the administrative record; and it is

FURTHER ORDERED that plaintiff shall file its summary judgment motion by January 25, 1988; defendant shall file its opposition and cross-motion by February 12, 1988; plaintiff shall file a response by February 26, 1988.